IN THE UNITED STATES DISTRICT
COURT DISTRICT OF PUERTO RICO

Peter David Schiff,
 Plaintiff,

CIVIL ACTION NO. Case Number 24-01511

COMPLAINT
(Jury Trial Requested)

v.

INTERNAL REVENUE SERVICE (IRS), the revenue service for the United States federal government  JIM LEE, in his personal and official capacity as former IRS Chief of Criminal Investigations  Unnamed IRS agents that will be named upon further discovery functioned as co-conspirators.

OFFICE OF THE COMMISSIONER OF FINANCIAL INSTITUTIONS OF PUERTO RICO (Hereafter OCIF
by its Spanish name "Oficina del Comisionado de Instituciones Financieras"), main financial regulator for the international banks in Puerto Rico.

Unnamed OCIF employees that will be named upon further discovery but functioned as co- conspirators.

NATALIA ZEQUEIRA DÍAZ, in her personal and official capacity as OCIF Commissioner,

WIGBERTO LUGO, in his official capacity as the OCIF Trustee,

All members of the J5: a Joint Chiefs of Global Tax Enforcement organization

a)     Internal Revenue Service, Criminal Investigation (IRS-CI) – United States of America (also acts as the J5 leader of sort)

b)     Mr. Will Day in his personal and official capacities as Australian Taxation Office (ATO)  representative– Australia. ATO is an Australian statutory agency and the principal revenue  collection body for the Australian Government

c)     Mr. Eric Ferron, in his personal and official capacities as Canada Revenue Agency (CRA)  representative– Canada, CRA is the revenue service of the Canadian federal government.

d)     Mr. Niels Obbink, in his personal and official capacities as Fiscale Inlichtingen- en Opsporingsdienst (FIOD) – Netherlands. FIOD is an agency of the government of the Netherlands responsible for investigating financial crimes.

e)     Mr. Simon York in his personal and official capacities as His Majesty's Revenue

1

and Customs (HMRC) representative – United Kingdom. HMRC is a non-ministerial department of the UK Government responsible for the collection of taxes.

Mathew Goldstein of the NY Time, a New York Times Business reporter focusing on white collar crime.

The NY Time newspaper, an American daily newspaper based in New York City.

Charlotte Grieve, an investigative journalist with The Age newspaper Australia.

Nick McKenzie an investigative journalist of The Age newspaper in Australia

The Age, newspaper, daily tabloid newspaper in Melbourne, Australia

Defendants.

1) Introduction
   a) This is a civil rights action seeking redress for damages arising from the wrongful and negligent conduct of the defendants, which resulted in financial and reputational harm to the Plaintiff. The actions of the IRS and OCIF deprived the Plaintiff of property without due process, in violation of the 4th, 5th, and 14th Amendments. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332, as federal questions related to IRS actions and also, diversity of citizenship exist, with the amount in controversy exceeding $75,000. The Plaintiff claims violations of 42 U.S.C. §§ 1983 and 1985(3) due to alleged conspiracy between the defendants: a) violation of 42 USC 1983 – violation of Plaintiff's constitutional due process rights under 4th and 5th Amendments and to Equal Protection under 14th Amendment, and b) violation of 42 USC 1985(3) – alleged conspiracy to violate Plaintiff's constitutional rights by Defendant Ms. Zequeira and co-conspirator Mr. Lee and unknown others at IRS/J5 and OCIF. The plaintiff is a member of a protected class. The action has an independent claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) for violation of his Civil Rights -Due Process and Unlawful Seizure of Property (Fifth Amendment).

2) Parties
   a) Plaintiff: Peter David Schiff, a U.S. citizen, and resident of Puerto Rico for more than seven years.
   b) Defendants:
      i) IRS: Federal agency responsible for tax collection and enforcement.
      ii) Mr. Jim Lee: former IRS Chief of Criminal Investigations, sued in his personal and official capacities. Resident of Washington DC USA
      iii) Unnamed IRS agents that will be named upon further discovery and functioned as

    co- conspirators.
- iv) OCIF: A Puerto Rico government agency regulating financial institutions.
- v) Ms. Natalia Zequeira Díaz: OCIF Commissioner, sued in her personal and official capacities.
- vi) Unnamed OCIF employees will be named upon further discovery and functioned as co-conspirators.
- vii) Mr. Wigberto Lugo: OCIF Trustee, sued in his official capacity.
- viii) J5: a Joint Chiefs of Global Tax Enforcement organization committed to combatting transnational tax crime through increased enforcement collaboration. Their work together to gather information, share intelligence, conduct operations, and build the capacity of tax crime enforcement officials whose individual members are:
  - (1) Internal Revenue Service, Criminal Investigation (IRS-CI) – United States of America (also acts as the J5 leader of sort)
  - (2) Mr. Will Day in his personal and official capacities as Australian Taxation Office (ATO) representative– Australia
  - (3) Mr. Eric Ferron, in his personal and official capacities as Canada Revenue Agency (CRA) representative– Canada
  - (4) Mr. Niels Obbink, Fiscale Inlichtingen- en Opsporingsdienst (FIOD) – Netherlands
  - (5) Mr. Simon York in his personal and official capacities as His Majesty's Revenue and Customs (HMRC) representative – United Kingdom
- ix) Mathew Goldstein, Business reporter of the N.Y. Times
- x) The NY Times, Newspaper in NY.
- xi) Charlotte Grieve, Journalist of The Age in Melbourne, Australia.
- xii) Nick McKenzie, Journalist of The Age in Melbourne, Australia.
- xiii) The Age in Australia, newspaper in Melbourne, Australia

3) Jurisdiction and Venue
   a) This Court has jurisdiction over the claims under 28 U.S.C. § 1331 (federal law) and § 1332 (diversity jurisdiction). Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events occurred in Puerto Rico and all defendants are subject to personal jurisdiction in this district.

4) Factual Allegations
   1. Background:
      - Plaintiff Peter Schiff owned a financial institution, Euro Pacific International Bank ("the bank"), which was subject to scrutiny by the IRS and OCIF as part of a joint tax enforcement investigation, "Operation Atlantis," conducted by J5.

2. June 2022 Press Conference:
    - On June 30, 2022, Mr. Lee , all J5 defendants and OCIF representatives held a press conference in Puerto Rico to announce the investigation into the bank, allegedly misrepresenting the reasons for the investigation and falsely implying that Plaintiff was involved in illegal tax evasion and money laundering. These statements were widely covered by Defendant media representatives, damaging Plaintiff's reputation and causing significant financial harm.
3. Blocking of Bank Sale:
    - Plaintiff had arranged a sale of the bank's stock to Qenta for $17.5 million, despite full disclosures regarding the transaction and the buyer's financial qualifications. OCIF initially supported the sale but ultimately blocked it on May 16, 2022, allegedly at the request of the IRS/J5. Instead, OCIF approved an asset sale to Qenta for $1.25 million after the bank entered receivership, resulting in a considerable loss to Plaintiff.
    - Plaintiff offer to inject $7 million in capital was rejected by the OCIF Commissioner, who assured him that the bank's capital level, though below the statutory required minimum, was sufficient for the bank to operate prior to the completion of the sale to Qenta.
4. Misrepresentations and Collusion with Media:
    - Plaintiff alleges that IRS/J5 agents leaked confidential investigation information to the media, specifically to Defendants Mathew Goldstein, Charlotte Grieve, and Nick McKenzie, who disseminated false allegations of tax evasion and money laundering regarding Plaintiff and the bank, despite knowing these claims were unsubstantiated.
    - Plaintiff finally found out about the alleged conspiracy between the defendants in April of 2024 after receiving the information from the IRS. The IRS intentionally made the discovery of that information very difficult and time consuming, despite the prompt diligence of the Plaintiff.
5. Delay in Liquidation and Continuing Harm:
    - As of this filing, OCIF's appointed Trustee has not completed the bank's liquidation, leading to prolonged harm to Plaintiff's reputation and financial interests. The delay has prevented the return of customer funds, exacerbated Plaintiff's reputational damage and undermining his future earning potential.

5) Claims for Relief

Count I: Violation of Due Process (42 U.S.C. § 1983)
- Against: IRS, Jim Lee, Natalia Zequeira Díaz, OCIF and other unnamed IRS and OCIF agents
- Allegations: Defendants deprived Plaintiff of property without due process by blocking the bank sale and misrepresenting the nature of the investigation, thereby causing financial harm and reputational damage.

Count II: Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))

- Against: All Defendants
- Allegations: Defendants conspired to infringe Plaintiff's rights through coordinated actions intended to damage his business and reputation, as evidenced by the press conference and media leaks. Plaintiff alleges that IRS officials, including former Chief of Criminal Investigations Jim Lee, conspired with OCIF to close his bank, Euro Pacific International Bank, through a campaign of false accusations and regulatory maneuvers.

Count III: Unlawful Seizure of Property (Bivens Claim)
- Against: IRS, Jim Lee, Natalia Zequeira Díaz, OCIF and other unnamed IRS and OCIF agents.
- Allegations: Defendants unlawfully seized Plaintiff's property without just cause or due process, violating his Fourth and Fifth Amendment rights, amounting to an illegal seizure of his assets.

6) Damages Calculation
   - Compensatory Damages:
     - Loss of the $17.5 million bank sale that when adjusted for inflation amounts to about $18.8 million to $25 million.
   - Reputational damage and lost opportunities are estimated at $10 million.
   - Wrongful compliance penalties and fines total $300,000.
   - Punitive Damages:
     - Due to the malicious nature of the defendants' actions, $20 million in punitive damages is sought.
   
   Total Damages: Between $49.8 million and $56 million, plus reasonable interest, court procedure costs and attorney's fees.

7) Prayer for Relief
   
   The Plaintiff seeks compensatory and punitive damages totaling between $49.8 million and $56 million, along with interests accrued since the filing of this request at the legal interests prevailing in Puerto Rico, court procedure costs, attorney's fees, and any other relief deemed just.

8) Jury Request
   a) The Plaintiff requests a trial by jury on all issues so triable.

s/Ismael Torres-Pizarro
Attorney for the Plaintiff:
Ismael Torres-Pizarro. PhD, PE, Esq.
USDC (Bar Number) 231302

5

Attorney for the Plaintiff
Domingo Cruz 642 Villa Prades, San Juan PR 00924
Telephone: (787)315-5636
Email: Ismaeltorres2002@yahoo.com