Exhibit 1

**GOBIERNO DE PUERTO RICO**
**OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS**
**SAN JUAN, PUERTO RICO**

| | |
|---|---|
| OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS<br><br>Querellante,<br>v.<br><br>EURO PACIFIC INT'L. BANK, INC.<br><br>Querellado. | CASO NÚM.: C22-D-006<br><br>SOBRE:<br><br>Violaciones a la Ley Núm. 273-2012, según enmendada, conocida como "Ley Reguladora del Centro Financiero Internacional" |

**CONSENT ORDER FOR LIQUIDATION AND**
**DISSOLUTION OF INTERNATIONAL FINANCIAL ENTITY**

**WHEREAS**, this Consent Order for Liquidation and Dissolution of International Financial Entity ("Liquidation Order") is made and is effective this 9 day of August 2022 ("Effective Date") by and among Euro Pacific Int'l Bank, Inc., (hereinafter referred to interchangeably as "Euro Pacific" or "IFE"), an International Financial Entity organized and operating pursuant to Act No. 273-2012, as amended, known as the "International Financial Center Regulatory Act"[1] ("Act No. 273-2012"), its officers, directors, executives, managers, employees, agents, attorneys, divisions, related and subsidiary entities, affiliates, successors and assigns and the Office of the Commissioner of Financial Institutions ("OCFI"), collectively hereinafter referred to as the "Parties".

**WHEREAS**, Euro Pacific, by and through its duly elected and acting Board of Directors ("Board"), has executed a Stipulation to the Issuance of a Liquidation Order dated August 8, 2022 that is accepted by the OCFI. With this Stipulation, Euro Pacific has consented to execute this Liquidation Order.

**WHEREAS**, the execution of the Liquidation Order, including adequate protection and/or payment of all deposits held in the institution, disposes of the controversies before Administrative Hearing Examiner, Luis Torres Méndez, Esq., in the matter captioned: <u>Oficina del Comisionado de Instituciones Financieras v. Euro Pacific Int'l. Bank, Inc.</u>, case number: C22-D-006, dated June 30, 2022, (hereinafter, the "Complaint"). Accordingly, the Parties have agreed to file a joint motion informing the Administrative Hearing Examiner of this Liquidation Order so that he can issue a Resolution disposing of the case, while also retaining jurisdiction to address any potential issues that may arise, if any, with respect to Euro Pacific's compliance with its obligations and terms and conditions related to the liquidation proceeding set forth  herein.

**WHEREAS**, OCIF and Euro Pacific recognize and acknowledge that this Liquidation Order shall be interpreted to guarantee compliance with the policy objectives underlying Act No. 273-2012, including but not limited to the adequate protection of all client deposits held in the international financial institution.

---

[1] 7 L.P.R.A. §§ 232 *et seq.*

**WHEREAS,** Euro Pacific acknowledges that it has been advised and is fully aware of its rights, including the right to challenge the OCFI's enforcement action through an adversarial administrative process, and has instead voluntarily elected to close this matter, in its entirety, with the execution of the present Liquidation Order.

**NOW, THEREFORE,** the Parties hereby adopt and sets forth this Plan of Liquidation and Dissolution of the IFE.

## I. JURISDICTION

Act No. 4 of October 11, 1985, as amended, known as the "Office of the Commissioner of Financial Institutions Act" ("Act No. 4") entrusts the OCFI with the main responsibility of controlling and supervising the financial institutions that operate or do business in Puerto Rico. The Commissioner of Financial Institutions (the "Commissioner") has been authorized by Act No. 4 to examine and to carry out all types of investigations, studies and research on matters related to the banking, financial, or securities industry for which he/she may request the necessary, relevant, and essential information for achieving such purposes.

Pursuant to Act No. 4, the OCFI has the responsibility for monitoring and supervising the financial institutions that operate or do business in Puerto Rico. In conjunction with Act No. 4, the Commissioner administers Act No. 273-2012 and Regulation No. 5653, known as "Regulation of the International Banking Center Regulatory Act" ("Regulation No. 5653")

Act No. 273-2012 allows the Commissioner to monitor and regulate the operations of any person or institution that offers or provides services as an International Financial Entity (IFE) in Puerto Rico.

## II. RELEVANT FACTUAL BACKGROUND

1. On June 30, 2022, and due to a non-compliance with the minimum regulatory capitalization requirements set forth under Act No. 273-2012 and to avoid an irreparable harm to the operational adequacy and financial security of the institution, OCFI filed a Complaint and Order to Cease and Desist and Provisional Order for Designation of Trustee ("Complaint") against Euro Pacific ordering (i) the suspension of the IFE's banking activities for non-compliance with the minimum capitalization requirements under applicable law; and (ii) designating a Trustee-Receiver to take over the administration of Euro Pacific and effectively manage the liquidation process of the international financial entity. **Exhibit A and attachments thereto.**

2. OCFI and Euro Pacific hereby incorporate by reference the contents of the Complaint and all attachments thereto to this Liquidation Order, subject to Section V, Paragraph 16 herein.

3. As of today, and as set forth in the Complaint, Euro Pacific is under the provisional administration of the Trustee-Receiver, Wigberto Lugo-Mender, esq., who has duly complied with all his obligations arising under the Designation Order issued by OCFI, including the implementation of certain measures to reasonably guarantee the payment of all ordinary expenses, including payroll, operational expenses, lease agreement payments; advisor fees; and fines and penalties due to governmental authorities, related to the IFE's business operations and affording adequate protection to all client deposits held in the international financial institution.



4. OCFI and Euro Pacific have engaged in extensive discussions and negotiations regarding Euro Pacific's noncompliance with the minimum capitalization requirements set forth in Act No. 273-2012, which poses a significant risk to the financial institution's operational adequacy. To that effect, the parties

have agreed to provide the transfer or liquidation of Euro Pacific in a period not to exceed ninety (90) days as further detailed below.

5. Therefore, the Parties have jointly agreed that, considering the totality of the circumstances related to the financial institution and the captioned enforcement action, including the implementation of certain measures to reasonably guaranteeing the adequate protection of client deposits and safeguarding the credibility of Puerto Rico's international financial industry, it is in their best interest to execute this Liquidation Order with respect to Case No. C22-D-006; by means, among others, of the actions, terms, conditions and measures expressly and/or implicitly provided for it in this document.

### III. DEFINITIONS

As used herein, the following words and terms shall have the following meanings:

"**Business Day**" means any day of the year other than a Saturday, Sunday or a day on which banks in the Commonwealth of Puerto Rico are authorized or required by law, regulation or executive order to close.

"**Cash Reserve Account**" means a cash reserve established by the Trustee on behalf of the IFE with sufficient funds in cash or readily available funds to pay ALL the Deposits.

"**Creditor(s)**" means a person with whom the IFE has an outstanding contractual payment obligation, including but not limited to depositors, lenders, lessors, service providers and employees.

"**Department of State**" means the Department of State of the Commonwealth of Puerto Rico.

"**Deposit(s)**" means liabilities of Euro Pacific in the form of demand deposits or time deposits but does not include trust or custody accounts held with the IFE.

"**Depositor(s)**" means a person that holds a Deposit(s) in Euro Pacific.

"**Effective Date**" shall be __9__ day of August 2022.

"**Expense(s) of the Corporation**" means the following expenses of the IFE: (i) payroll, (ii) operational expenses, including but not limited to leases, utilities, licensing of software; (iii) fees of advisors including but not limited to accountants, attorneys, auditors, management and compliance consultants; and (iv) fines, penalties and administrative penalties due to governmental authorities.

"**Inactive Accounts**" means Deposit accounts that have been inactive for the last twelve (12) months.

"**Non-Related Parties**" means a person that is not a Related Party.



"**Related Party**" means the persons listed in **Exhibit B**.

## IV. LIQUIDATION ORDER

Therefore, in view of all the above, pursuant to the powers and authority granted to OCFI, in executing this Liquidation Order, Euro Pacific and the OCFI agree to the following and Euro Pacific is therefore ORDERED to take all affirmative actions as follows:

1. Euro Pacific acknowledges that OCFI has legal authority and jurisdiction with regards to the Complaint, the remedies imposed/requested therein, the designation of the Trustee, and entry of the Liquidation Order, and thus, expressly waives all claims and defenses to the contrary.

2. Based on the nature and circumstances of the legal and/or regulatory violations averred in the Complaint, including the entity's failure to comply with the minimum capitalization requirements applicable to an IFE, and the significant risk that this noncompliance poses to the deposits held in the international financial entity, by virtue of this Liquidation Order, Euro Pacific expressly and irrevocably agrees to:

    a. Surrender it's IFE License under Act No. 273-2012, through a Sworn Statement duly authorized by Euro Pacific's Board, which clearly establishes that the entity will cease its banking operations in Puerto Rico.
    b. Surrender the IFE's Tax Decree, should there be one in place, for all legal purposes, through a Sworn Statement duly authorized by Euro Pacific's Board.
    c. Cease and desist from engaging in conduct, including acts and/or omissions, constituting or which could constitute a violation of Act No. 273-2012 and its Regulation, including without limitation, recurrence of the conduct described in the Complaint.
    d. Provide OCFI with a Voluntary Liquidation Plan ("Voluntary Liquidation Plan") within fifteen (15) days of the execution of this Liquidation Order, which acceptance shall be subject to OCFI and the Trustee's approval and strictly aligned with the policy objectives arising under Act No. 273-2012 and requirements of this Liquidation Order, including the adequate protection of all client deposits. All costs, directly or indirectly, related to the Voluntary Liquidation will be defrayed by Euro Pacific.
    e. Produce to OCFI the Audited Financial Statements for the year 2021 and sufficient and adequate third party certification regarding the accuracy of EPB's financial information for fiscal year 2022.

3. <u>Voluntary Liquidation Plan</u>: The Voluntary Liquidation Plan shall be subject, at a minimum, to the following terms and conditions, including any additional measures required, at the sole discretion of OCFI and the Trustee, that are reasonably designed and needed to comply with the policy objectives underlying Act No. 273-2012, including affording adequate protection to all Deposits held in Euro Pacific. The closing of operations, transfers and withdrawals of funds shall be as follows:

    (i) The Voluntary Liquidation Plan shall become effective on the date of the approval of the Plan by the affirmative written consent of Euro Pacific, the Trustee, and OCFI.
    (ii) The Liquidation Period shall not exceed ninety (90) days from the Effective Date.
    (iii) Euro Pacific may only maintain its business operations for the sole purpose of completing the operating tasks geared to the effective and adequate



     (iv)    implementation of this Liquidation Order, marshaling, winding up its business and affairs, and preserving the value of its assets.

     (iv)    At the date of the Effective Date, Euro Pacific shall provide the Trustee with a list of all accounts, including Inactive Accounts.

     (v)    Within five (5) Business Days of the Effective Date, Euro Pacific shall mail a notice to its Creditors, at their address shown on Euro Pacific's records, that Euro Pacific is undergoing a Voluntary Liquidation and thus, the deposits held at Euro Pacific will be transfer or pay accordingly, as set forth below.

     (vi)    The Voluntary Liquidation Plan shall provide that all deposits accounts held in Euro Pacific shall be transferred to an assuming institution that will make all monies available to clients immediately after the transfer.

     (vii)    Euro Pacific, as a corporate entity, shall be terminated as soon as the Voluntary Liquidation Plan is terminated, by submitting all required documents to the Department of State.

     (viii)    The assuming institution to which Euro Pacific client accounts are transferred may resume banking operations in any foreign jurisdiction other than Puerto Rico, subject to strict compliance with all statutory and/or regulatory requirements governing their business operations in the corresponding jurisdiction.

     (ix)    At the execution of the last payment obligation, Euro Pacific business locations and international banking operations in Puerto Rico will be closed permanently and irrevocably.

4. **Preference and Payment of Claims**: According to the information contained in Euro Pacific's business records, as reviewed by the Trustee, as of June 30, 2022, and the representations made by the IFE, the Net Cash Available, including proprietary precious metals to be monetized, is $68,109,302 USD. As of the same date, client deposits totaled the amount of $66,747,758. Therefore, as of June 30, 2022, Euro Pacific had an excess cash position to cover all deposits, assuming it is able to monetize its proprietary precious metals. Despite this cash position, Euro Pacific recognizes that is does not meet Act 273-2012's minimum regulatory capitalization requirements.

In view of Euro Pacific's failure to comply with the minimum capitalization requirements applicable to IFE's, OCFI has determined that the financial entity lacks sufficient assets to execute a complete distribution on general unsecured creditor claims (and any lower priority claims) and therefore, all such claims, asserted, or unasserted, are expected to recover less than the total amount of debts existing as of June 30, 2022, unless additional cash is injected into Euro Pacific or other unencumbered assets are monetized to adequately cover said cash shortfalls. As such, as a condition precedent to put in place and implement the Voluntary Liquidation Plan, Euro Pacific (through the Trustee) must create a Cash Reserve Account with sufficient funds in cash or readily available funds to pay ALL deposits and the Trustee's administrative expenses. The Parties agree that the Trustee shall certify whether the Cash Reserve Account satisfies the requirements set forth herein.



In compliance with the policy objectives underlying Act No. 273-2012, including affording adequate protection to all IFE held deposits and thus, safeguarding the credibility and granting legal certainty to Puerto Rico's international financial industry, the Voluntary Liquidation Plan shall, at a minimum, guarantee preference and provide adequate protection to all client deposits

held in Euro Pacific. To this effect, and based OCFI's delegated powers under Act No. 4, and Act No. 273-2012, for purposes of guaranteeing an adequate and effective liquidation of the IFE, it is hereby ordered that Euro Pacific's Voluntary Liquidation Plan shall comply with the priority parameters developed by the Federal Deposit Insurance Corporation ("FDIC") in its applicable laws and/or regulations, particularly those provided in the "*Resolution and Receivership*" rules codified in 12 CFR Part 360.3.

In compliance with the above, the Voluntary Liquidation Plan shall be formulated to satisfy all unsecured claims in the following order of priority:

(1) Administrative Expenses of the Trustee-Receiver related to the Liquidation Order.
(2) Any deposit of Euro Pacific clients, excluding any deposited, debt or obligation, payable as described in paragraph five (5) below.
(3) Any other "senior" or general debt of the institution.
(4) Any other obligation that has been subordinated to the payment of the deposits of clients or general creditors.
(5) Any deposit, debt or obligation to shareholders, affiliates, subsidiaries, or members of the IFE.

For purposes of the Voluntary Liquidation Plan requirements set forth herein, the Parties incorporate by reference to this Liquidation Order, a document identifying Euro Pacific's Related Parties and setting forth a general overview of the transactions conducted with such parties. **Exhibit B.**

During the Voluntary Liquidation Period, Euro Pacific shall pay, discharge, or otherwise provide for payment or discharge of, all liabilities and obligations of the IFE, following the subsequent order:

A. First, Euro Pacific shall send a written notice ("Notice") to each Depositor and Creditor to the address on record. The notice shall be mailed within five (5) Business Days of the Effective Date. The Notice shall include the Trustee's official email address to receive claims and inquiries. The Notice shall state the procedure for withdrawing and/or transferring funds. Likewise, the Notice shall inform the procedures after the allotted time for withdrawing and/or transferring funds has lapsed.

B. Second, the funds shall be paid, discharged, or otherwise provide for payment or discharge as follows:

1. Within thirty (30) Business Days of the Notice, Euro Pacific shall pay its Depositors that are Non-Related Parties, that have a right to withdraw their Deposits in cash (wire transfer or check), either because they are demand deposits or time deposits that become due. Within said period, Euro Pacific shall also transfer any Non-Related Parties Deposits, to the extent that Depositors prefer to transfer their Deposits to an assuming institution.
2. Within two (2) Business Days of the Depositor transfer instruction, Euro Pacific shall transfer Deposits of Non-Related Parties to the assuming institution. In the event the Non-Related Parties does not answer the Notice within the allotted timeframe to do so, Euro Pacific shall transfer the Accounts and Deposits to an assuming institution, which shall provide notice to all new Accounts regarding the transfer.
3. After completing the payment or transfer of Deposits, as contemplated above, and after completing payment of any claims following the order of priority set forth above, but within the Liquidation Period, Euro Pacific shall transfer deposits of Related Parties to the assuming



institution or other depository institution authorized to receive such deposits, *provided however* that such transfer of deposits of Related Parties shall only occur in the event that (i) Euro Pacific has established and fully funded the IFE's Cash Reserve Account, which shall have sufficient funds in cash or readily available funds to pay all deposits held in the international financial institution and (ii) there are no outstanding account receivables due to Euro Pacific from said Related Parties.

4. During the Voluntary Liquidation Period, Euro Pacific shall pay any liabilities before they are due to its Creditors, other than Depositors, provided however, that such payments shall only occur if the IFE has established and fully funded the Cash Reserve Account to pay all Deposits.

5. If Euro Pacific is unable to pay, discharge or otherwise provide for any of its liabilities during the Voluntary Liquidation Period, the IFE may, however, retain cash or cash equivalents in an amount that the Trustee estimates necessary and reasonable to discharge any unpaid liabilities, expenses of the corporation, and obligations on the entity's books as of the Effective Date, payable for the period prior to the Liquidation, and pay such contingent liabilities against the remaining assets of Euro Pacific, consistent with the order of priority set forth above.

6. No distribution of assets of Euro Pacific shall be made to the Shareholder, Peter Schiff, until all Deposits are either paid in cash or transferred to the assuming institution or another depository institution with the consent of the Depositor, as provided herein; provided however, that such distribution of assets to the Shareholder, Peter Schiff, shall be allowed, following the order of priority set forth above, if Euro Pacific has established and fully funded the Cash Reserve Account to pay all Deposits held in the institution.

7. Euro Pacific shall cause the Shareholder, Peter Schiff, to endorse for cancellation and deliver to the entity the shares of the IFE owned by its represented certificates, which shall be redeemed and canceled by the corporation in accordance with the requirements arising under applicable laws and/or regulation.

5. <u>Disposal and Sale of Assets</u>: As of the Effective Date, the Trustee, on behalf of Euro Pacific, shall have the authority to either dispose or sell and liquidate its assets and engage in such other transactions as maybe appropriate to its dissolution and liquidation, including, without limitation, obtaining all necessary approvals and authorizations from the OCFI. The disposal and sale of Euro Pacific's assets shall be subject to the following terms and conditions:

   a. All proceeds of the sale of assets shall be used to (i) pay the administrative expenses of the Trustee; (ii) fund the Cash Reserve Account to pay all Deposits; (iii) pay any fines imposed by OCFI; and (iv) pay expenses of Euro Pacific.

   b. All assets of clients or customers of Euro Pacific held in trust accounts or in custody accounts, if any, shall be transferred as per instructions of said clients or customers. Securities held in such accounts shall be transferred to securities accounts designated by such clients, or in the event the client so orders that the securities be sold, such securities will be sold, and the proceeds shall be delivered to the client or customer.

6. <u>Liquidation by the Trustee</u>: The Trustee shall be in charge of completing the liquidation to Euro Pacific to the best of his ability, consistent with the parameters set forth in the Designation Order, in the event that Euro Pacific is unable to establish and fully fund the Cash Reserve Account and in the event that Euro Pacific is unable to complete the Voluntary Liquidation Plan during the Liquidation Period.



7. <u>Taxes</u>: On or after the Effective Date, Euro Pacific shall file a request for an administrative determination or ruling with the Department of Treasury for the Government of Puerto Rico confirming that the Voluntary Liquidation is not subject to Puerto Rico taxation pursuant to the Act and the Internal Revenue Code to provide such determination to the OCFI and the Department of State.

8. <u>Fines and Penalties</u>: In full settlement of the Complaint, Euro Pacific will issue a check payable to the Secretary of the Treasury on the date of the execution of this LIQUIDATION ORDER in the sum of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00).** Such Settlement Amount constitutes an administrative fine which includes all monetary remedies of any kind relating to the Complaint, including but not limited to, fines, penalties, and interest.

9. <u>Time is of the Essence</u>. The Parties agree and acknowledge that time is of the essence regarding the Settlement Payment; therefore, Euro Pacific agrees to issue full payment in favor of OCFI; and OCFI agrees to voluntarily dismiss the Complaint filed against Euro Pacific within thirty (30) days after receiving notification from Euro Pacific certifying its full compliance with all the terms of this Liquidation Order.

10. The OCFI and Euro Pacific, as well as their attorneys and agents agree to execute all documents that are legally required for the execution of this Liquidation Order and the policy objectives of Act No. 273-2012.

## V. NOTICES

1. Nothing herein shall preclude the Government of Puerto Rico, its departments, agencies, boards, commissions, authorities, political subdivisions, and corporations, or any other federal or state agency, from asserting any claims, causes of action, or applications for compensatory, nominal, and/or punitive damages, administrative, civil, criminal, or injunctive relief against Euro Pacific.

2. This Liquidation Order includes the settlement of the totality of all claims by the OCFI against Euro Pacific, arising under the provisions of Act No. 273-2012 and Regulation No. 5653, as well as any other applicable laws and regulations in connection with the facts described in the Complaint.

3. Except as explicitly provided in this Liquidation Order, nothing herein is intended to nor shall be construed to have created, compromised, settled, or adjudicated any claims, causes of action, or rights of any person whomsoever, other than as between the OCFI and Euro Pacific, in accordance with this Liquidation Order.

4. The Parties are entering into this Liquidation Order freely, knowingly, and voluntarily, under the advice of counsel of their choices and with a full understanding of its terms. This Liquidation Order is final and irrevocable for all legal purposes.



5. The Parties warrant that they are not subject to any statute or contractual obligation, which may make unlawful the execution and performance of this Liquidation Order.

6. Euro Pacific warrants that the person appearing on its behalf in this Liquidation Order is duly authorized by Euro Pacific to execute the same.

7. This Liquidation Order reflects the total agreement between the Parties and any statement, promise or representation given by any of the Parties, which is not included herein, shall be null and void.

8. This Liquidation Order shall be interpreted for all purposes consistent with the laws of the Government of Puerto Rico. If any clause of this Liquidation Order should ever be determined to be unenforceable, it is agreed that this will not affect the enforceability of any other clause or the remainder of this Liquidation Order.

9. Euro Pacific hereby acknowledges that the failure to comply with all or any of the terms and conditions set forth in this Liquidation Order which are applicable to Euro Pacific may result in the exercising of any right or prerogative possessed by the OCFI, as provided by Act No. 4 or any other applicable law.

10. This Liquidation Order will become part of Euro Pacific's permanent record and may be considered in any future actions brought by the OCFI or any other regulator against Euro Pacific.

11. OCFI and Euro Pacific (together, "the parties"), their officers, directors, agents and/or representatives, mutually agree that they shall not make any disparaging remarks, or any remarks that could reasonably be construed as disparaging of one another and/or regarding their officers, directors, employees, stockholders, representatives, or agents, including Peter Schiff. The parties shall, except to the extent otherwise required by applicable laws, rules, or regulations or as appropriate in the exercise of their fiduciary duties (as determined by each party with advice of counsel), exercise reasonable efforts to cause the following individuals to refrain from making any disparaging statements, orally or in writing, regarding the parties from and after the termination of the Liquidation period: OCIF's executive officers, Euro Pacific's executive officers, and Peter Schiff.

12. Euro Pacific, through the execution of this Liquidation Order, voluntarily waives any rights Euro Pacific may have to seek judicial review or otherwise challenge or contest the terms and conditions of this Liquidation Order and the Complaint.

13. Euro Pacific and the OCFI agree that this Liquidation Order is entered into for purposes of resolving only the matters as described herein.

14. This Liquidation Order is binding upon Euro Pacific, its officers, directors, and Euro Pacific's affiliates, successors, and assignees as well as to the successors and assignees of relevant affiliates with respect to all conduct subject to the provisions established above and all future obligations, responsibilities, undertakings, commitments, limitations, restrictions, events, and conditions.

15. Nothing in this Liquidation Order precludes the OCFI from: (a) taking adverse action based on other conduct; (b) taking this Order and the conduct described above into account in determining the proper resolution or action based on other conduct; (c) taking any and all available steps to enforce this Order; (d) taking any action against other entities or individuals,



regardless of any affiliation or relationship between the IFE and the entities or individuals; or (e) be construed to limit the OCFI's jurisdiction in any other proceeding after its issuance.

16. Neither this Liquidation Order nor anything contained within it shall be admissible in any proceeding as evidence of liability or wrongdoing on the part of either party. However, this Liquidation Order may be introduced into evidence in any proceeding instituted to enforce its terms. Moreover, Euro Pacific agrees to this Liquidation Order without admitting or denying the findings herein, except as to OCFI's jurisdiction over Euro Pacific and the subject matter of these proceedings and the findings concerning Euro Pacific's noncompliance with the minimum capitalization requirements set forth in Act No. 273-2012.

17. Each of the parties has participated in the negotiation of this Liquidation Order.

18. Euro Pacific, its directors and officers, do hereby release and forever discharge the OCFI, its attorneys, insurers, assignees, transferors, transferees, principals, partners, officers, directors, employees, agents servants, subsidiaries, parent corporations, affiliates, successors, stockholders, agents and representatives, including the Trustee (the "Releasee(s)"), from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits, of whatever nature, character or description, that Euro Pacific may have or may hereafter have or claim to have against each other Releasee(s) arising out of or related to the facts or allegations made in any of the papers or pleadings filed in the Complaint and any conduct, including actions and omissions, to enforce the Complaint.

19. Euro Pacific waives any right to recover from the OCFI, costs, expenses, and attorney's fees in connection with the Complaint.

20. This Liquidation Order is the complete agreement between the OCFI and Euro Pacific concerning their disagreement. The Parties certify that they have made no other written or oral agreement relating to their disagreement. This Liquidation Order supersedes any prior agreements, understandings, or negotiations, whether written or oral, between the OCFI and Euro Pacific.

21. If any portions of this Liquidation Order are held invalid and unenforceable, all remaining portions shall nevertheless remain valid and enforceable, to the extent they can be given effect without the invalid portions.

22. Euro Pacific is hereby given notice that, pursuant to the provisions of Article 20(c) of Act No. 4, the OCFI may impose an administrative fine not greater than Five Thousand ($5,000.00) Dollars for each day of non-compliance with the orders issued under the provisions of that Act, up to a maximum of Fifty Thousand ($50,000.00) Dollars. In the event of total or partial non-compliance with this Order, the OCFI, in support of the statutory jurisdiction granted by Act No. 4, may request the Court of First Instance, San Juan Superior Section, to enforce the same, under penalty of contempt, and to impose fines and sanctions in addition to the ones the OCFI may deem to be proper, with any other determination which is proper as a matter of law.

23. The terms of this Liquidation Order will become effective immediately upon its execution.

**IT IS SO ORDERED BY THE COMMISSIONER.**

This Liquidation Order is executed in San Juan, Puerto Rico, on August 9, 2022.

_____
Natalia I. Zequeira Díaz, Esq.
COMMISSIONER OF FINANCIAL
INSTITUTIONS

**GOBIERNO DE PUERTO RICO**
**OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS**
**SAN JUAN, PUERTO RICO**

| | |
|---|---|
| OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS<br><br>Querellante,<br>v.<br><br>EURO PACIFIC INT'L. BANK, INC.<br><br>Querellado. | CASO NÚM.: C22-D-006<br><br>SOBRE:<br><br>Violaciones a la Ley Núm. 273-2012, según enmendada, conocida como "Ley Reguladora del |

## CONSENT FOR ORDER FOR LIQUIDATION AND DISSOLUTION OF INTERNATIONAL FINANCIAL ENTITY

Euro Pacific Int'l Bank, Inc., ("Euro Pacific") hereby acknowledges that it has been served with a copy of the Liquidation Order issued on this day and, after evaluating the same with the assistance of legal counsel, has waived its right to a hearing and appeal in this matter. Euro Pacific recognizes the jurisdiction of the Office of the Commissioner of Financial Institutions ("OCFI") for purposes of filing the captioned enforcement and admits the Facts contained in the Liquidation Order.

Euro Pacific has discussed the same with its respective attorneys and voluntarily consents to the entry of the Liquidation Order issued by the OCFI as settlement of the violations contained in the Complaint, avoiding protracted and expensive proceedings.

Euro Pacific states that no promise of any kind or nature was made to induce it to execute this Liquidation Order and expresses its Consent to comply with the terms therein which will be effective immediately upon its execution on August __9__, 2022.

Mr. __Peter Schiff__, represents and warrants that he or she is __a director and sole shareholder__ of Euro Pacific and that, as such, has been authorized through the corresponding Resolution to Consent to the Liquidation Order for and on behalf of Euro Pacific.

On August __8__, 2022.

_[signature]_

Euro Pacific Int'l Bank, Inc.