IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER DAVID SCHIFF, | |
| Plaintiff, | CIVIL NO. 3:24-cv-1511 (CVR-MEL) |
| v. | |
| INTERNAL REVENUE SERVICE, *et al.*, | |
| Defendants. | |

**DEFENDANT NIELS OBBINK'S MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS........................................................................................ 2

ARGUMENT ........................................................................................................... 3

    I.     The Court must dismiss the Complaint against Mr. Obbink pursuant to Rules 12(b)(2) and 12(b)(5) because Plaintiff failed to serve the operative Complaint on Mr. Obbink.................................................................................................. 3

    II.    The Court must dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(2) for lack of personal jurisdiction under the FSIA ............................................................................................... 7

        A.    The Netherlands is the real party in interest ............................................... 7

        B.    The FSIA applies and the case must be dismissed for lack of subject matter jurisdiction and personal jurisdiction............................................... 9

    III.    This case must be dismissed as against Mr. Obbink pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim for which relief can be granted................. 10

CONCLUSION ..................................................................................................... 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER DAVID SCHIFF,

    Plaintiff,

        v.

INTERNAL REVENUE SERVICE, *et al.*,

    Defendants.

CIVIL NO. 3:24-cv-1511 (CVR-MEL)

## DEFENDANT NIELS OBBINK'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant Niels Obbink ("Mr. Obbink"), in his official capacity as Director General of the Fiscale Inlichtingen- en Opsporingsdienst ("FIOD"), an organ of the Ministry of Finance of the Government of the Kingdom of the Netherlands (the "Netherlands"), by and through the undersigned counsel, and without submitting to the jurisdiction and venue of this Court in either capacity nor waiving any defense whatsoever, respectfully states and moves to dismiss the claims asserted against him in Plaintiff's Second Amended Complaint, ECF No. 121, pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).  In support of this Motion to Dismiss ("Motion"), Mr. Obbink states as follows:

### INTRODUCTION

The Netherlands, through Mr. Obbink, like the three other foreign sovereign defendants in this action,[1] urges the Court to dismiss Plaintiff's Second Amended Complaint on the ground that the Netherlands enjoys sovereign immunity for which there is no exception, giving Mr. Obbink

---

[1] The Government of the Commonwealth of Australia, the named official of which is Mr. Will Day; the Dominion of Canada, whose named official is Mr. Eric Ferron; and the United Kingdom of Great Britain and Northern Ireland, whose named official is Mr. Simon York.  Their motions to dismiss were filed at ECF Nos. 159, 129, and 139, respectively.

immunity from suit and from the jurisdiction of this Court. Mr. Obbink also requests dismissal on the ground that neither Plaintiff's First Amended Complaint nor his Second Amended Complaint was properly served.[2] Moreover, Plaintiff's Second Amended Complaint is fatally defective because it fails to state facts to support any of the four causes of action asserted against Mr. Obbink.

This case is ripe for dismissal with prejudice against Mr. Obbink and the other foreign officials. Plaintiff has attempted to cast his net inexplicably far and wide in this action. His case appears to be based on the conduct of two domestic U.S. regulators yet sweeps in officials from the four different foreign sovereign nations without any allegations as to how those officials committed any improper acts – or in Mr. Obbink's case, any acts at all – that justify the continuation of the litigation as to them. Plaintiff has now filed three vague complaints in this matter (the original and two amended), but his successive complaints have not provided any further clarity on his justification for attempting to hale four foreign sovereigns into a U.S. court over a situation with which their officials had, at most, minimal peripheral involvement.

To reduce the burden of repetitive papers on the Court, Mr. Obbink will incorporate by reference the applicable sections in other briefs as allowed under Loc. R. 7(f).

## STATEMENT OF FACTS

Under Loc. R. 7(f), Mr. Obbink incorporates the Statement of Facts as set forth in Defendant William Day's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 159, at 2-5, because the facts summarized there are essentially the same for Mr. Obbink. The only non-service of process factual difference of note is Plaintiff's failure to allege **any** fact or make

---

[2] Plaintiff has filed two "Amended Complaints" in this litigation, ECF No. 10 and ECF No. 121. Mr. Obbink will refer to the complaint filed on November 14, 2024, ECF No. 10, as the "First Amended Complaint" or "FAC," and the operative complaint filed on June 5, 2025, ECF No. 121, as the "Second Amended Complaint" or "SAC."

any reference to Mr. Obbink outside of identifying him as a "J5 member" in the section naming the parties. *See* SAC, Parties, Defendants, at 3.

With regard to service of process, Mr. Obbink was purportedly served at his office on May 20, 2025, by personal delivery by a court bailiff. The court bailiff's letter is addressed to the Ministry of Finance of the Kingdom of the Netherlands ("de Staat der Nederlanden"). Attachment A to the Declaration of W. Todd Miller, dated July 30, 2025, attached hereto as Exhibit 1 ("Miller Decl."). The letter states, in a handwritten note, that the documents were left for Mr. Obbink, "working at the Ministry and a representative thereof." Attachment B to Miller Decl. (English translation of handwritten note in Dutch). Plaintiff never filed a proof of service with the Court. As discussed below, in any event, service on Mr. Obbink is not effective service on the Netherlands.

## ARGUMENT

I.     **The Court must dismiss the Complaint against Mr. Obbink pursuant to Rules 12(b)(2) and 12(b)(5) because Plaintiff failed to serve the operative Complaint on Mr. Obbink**

Plaintiff bears the burden of proof to demonstrate proper service of process. *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). Because serving governmental officials in their official capacity is tantamount to serving the government itself, *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985), and because here the relevant government is the Netherlands, Plaintiff was required to strictly comply with the service requirements set forth in the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1608; *Republic of Sudan v. Harrison*, 587 U.S. 1, 4-5, 19 (2019) (actual notice of the lawsuit and substantial compliance with the FSIA's service provisions are not sufficient; strict compliance is required). Proper service pursuant to 28

U.S.C. § 1608, along with subject-matter jurisdiction, is necessary for a court to exercise personal jurisdiction over a foreign sovereign.  *See* 28 U.S.C. § 1330(b).

The service provisions of the FSIA set forth a hierarchical scheme for service of process on foreign sovereigns.  28 U.S.C. § 1608.  Because there is no special arrangement for service between Plaintiff and the Netherlands, Section 1608(a)(1) of the service provisions does not apply. Pursuant to Section 1608(a)(2), a plaintiff for whom 1608(a)(1) is inapplicable must effectuate service "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2).  The Netherlands is a party to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, Nov. 15, 1965 (hereinafter the "Hague Convention"), and therefore Plaintiff was required to serve the FAC consistent with the procedure set out by the Hague Convention.[3]

Under Dutch law, service of process on the Netherlands is regulated by Article 48 of the Dutch Civil Code of Civil Procedure, book 1:

> Service of a writ on the King, the presumed successor to the King, their spouses and the Regent, and service on the State, are effected by delivery to the offices of the Procurator General at the Supreme Court. If a copy of a writ intended for the State is given to a person at the Public Prosecutor's office who has been designated to that end, the writ is treated as having been served on the State by actual delivery. If possible, the writ states the ministry to which the writ pertains.[4]

---

[3] Because service under the Hague Convention was available to Plaintiff, there is no need to reach the remaining methods of potential service under the FSIA.  *See* 28 U.S.C. § 1608(a)(3) and (a)(4).  In any event, Plaintiff did not attempt service under those methods, which require the clerk of court to send the complaint to other governmental officials.

[4] Art. 1:48, Wetboek van Burgerlijke Rechtsvordering [BW] (Neth.), *translated in* Code of Civil Procedure 40 (Alex Burrough et al. trans., 3d ed. 2025), https://www.rechtspraak.nl/ SiteCollectionDocuments/dutch-code-of-civil-procedure-2025.pdf.  The Dutch version reads as follows:

Artikel 48 Wetboek Burgerlijke Rechtsvordering.

Ten aanzien van de Koning, de vermoedelijke opvolger van de Koning, hun echtgenoten en de Regent, alsmede ten aanzien van de Staat, geschiedt de

Mr. Obbink himself is not authorized to accept service of process in his official capacity; the only legally valid way the Netherlands can be served is through the Procurator General at the Supreme Court of the Netherlands.  Accordingly, the FAC was not served on Mr. Obbink in his official capacity, notwithstanding Plaintiff's attempt to do so.[5]  As this Court ordered Plaintiff to serve all foreign defendants with the FAC by June 2, 2025 (*see* Order, ECF No. 89, at 3), this case should be dismissed as to Mr. Obbink and the Netherlands with prejudice.

Even if the Court were to find that Plaintiff's failure to serve the FAC on Mr. Obbink in his official capacity was excusable, Plaintiff's Second Amended Complaint is still subject to dismissal as to Mr. Obbink because that Complaint has not been properly served.  Plaintiff amended his complaint on June 5, 2025, and the now-operative Second Amended Complaint was served only by ECF notification to parties who had made an appearance.  At that point in time, Mr. Obbink had not made an appearance in this case in any capacity.  The filing of the Second Amended Complaint nullified the First Amended Complaint – the sole complaint that Plaintiff even attempted to serve on Mr. Obbink.  "If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: the 'original pleading no longer performs any function in the case.'" *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting 6 Wright & Miller's

_____

betekening aan het parket van de procureur-generaal bij de Hoge Raad. Indien afschrift van een voor de Staat bestemd exploot wordt gelaten aan een persoon ten parkette die daartoe is aangewezen, is het exploot gedaan aan de Staat in persoon. Indien mogelijk wordt in het exploot vermeld welk ministerie het betreft.

Art. 1:48, Wetboek van Burgerlijke Rechtsvordering [BW] (Neth.), https://wetten.overheid.nl/ BWBR0001827/2025-07-01#BoekEerste.

[5] Given the way that the letter was addressed, it is apparent that the FAC was not served on Mr. Obbink in his personal capacity.  In any event, as discussed below, the SAC does not name Mr. Obbink (or the other foreign governmental officials) in his personal capacity, which is confirmed by the factors considered by courts attempting to determine whether a suit naming a governmental official is meant to be against the state or against the individual. *See infra* pp. 9-10.

Federal Practice and Procedure § 1476, at 636-37 (3d ed. 2010)); *see also Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 412 (1st Cir. 2000) (vacating summary judgment where the motion was granted on a prior complaint and not the superseding amended complaint, noting that following an amendment, any subsequent motion must be directed at the amended pleading).

While Federal Rule of Civil Procedure 5 applies to the vast majority of amended pleadings, here Plaintiff is not entitled to serve Mr. Obbink under the more relaxed methods of that Rule because he had not appeared. "Generally, service of process of an amended complaint can only be accomplished under Rule 5 where: (1) the original complaint was properly served; and (2) the defendants have appeared." *Cryer v. UMass Med. Corr. Health,* No. 10-11346, 2011 U.S. Dist. LEXIS 22930, at *3-4 (D. Mass. Mar. 7, 2011). Putting aside the FSIA's requirement of strict compliance with its service of process provisions (28 U.S.C. § 1608; *Republic of Sudan*, 587 U.S. at 19), Plaintiff cannot rely on general "notice" to satisfy the procedural requirements for a court to exercise jurisdiction. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988). Instead, Plaintiff must serve a new summons and the SAC on Mr. Obbink under Rule 4. *See* Fed. R. Civ. P. 4(c), 4(f), 4(j)(1); *Rivera-Otero v. Amgen Mfg.*, 317 F.R.D. 326, 328 (D.P.R. 2016) (quashing service where the original complaint was served instead of the amended complaint); *Felix-Green v. Haver Filling Sys.*, No. 10-1526, 2011 U.S. Dist. LEXIS 44524, at *3 n.1, *6 (D.P.R. Apr. 25, 2011); *see also* Fed. R. Civ. P. 15(a)(3) (the time to respond to an amended complaint is within 14 days after service of the amended pleading). This is true even if Plaintiff contends (contrary to the facts, as explained above) that the FAC was properly served on Mr. Obbink in his official capacity.

6

Dismissal with prejudice on this ground alone is appropriate.  In the nearly 60 days since the SAC was filed, Plaintiff has not undertaken a single action to serve Mr. Obbink with the SAC.  He has not requested a new summons, nor has he requested any assistance from the Court.  In contrast, Plaintiff requested summonses for the new IRS Defendants and purports to have completed service in early July.  *See, e.g.*, Affirmation of Service, ECF No. 144.  Plaintiff has no excuse for his failure to follow well-known statutory and rule-based procedures.  Furthermore, any extension of time to complete service is futile considering the existence of foreign sovereign immunity and other grounds pursuant to which the action is subject to dismissal as to Mr. Obbink and the Netherlands, as discussed below.

## II.    The Court must dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(2) for lack of personal jurisdiction under the FSIA

The entire case against Mr. Obbink (and hence the Netherlands) must be dismissed pursuant to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1605.  Plaintiff has asserted in other filings that his case falls within two exceptions to immunity set forth in the Act, but those assertions are baseless.  In response to those assertions, Mr. Obbink incorporates by reference pursuant to Local Rule 7(f) Defendant William Day's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 159**,** at 5-14.

### A.    The Netherlands is the real party in interest

To avoid burdening the Court, Mr. Obbink incorporates by reference pursuant to Local Rule 7(f) Defendant William Day's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 159, at 6-9, which sets forth the law related to when courts find that a sovereign is the real party in interest.

In the Second Amended Complaint, Plaintiff appears to have dropped the pretense of suing Mr. Obbink (and the other foreign officials) in his personal capacity because Plaintiff has dropped any reference to the capacity in which he sues Mr. Obbink. *Compare* SAC, Parties, Defendants, at 3 *with* FAC, Parties, Defendants, at 3. Accordingly, the Netherlands construes any claims against Mr. Obbink in his personal capacity to have been dismissed. *See Díaz v. P.R. Dep't of Corr. & Rehab.*, No. 16-1176 (PG), 2016 U.S. Dist. LEXIS 142870, at *2 (D.P.R. Oct. 14, 2016) ("the filing of the amended complaint in which the original parties are not named operates as a dismissal of those parties from the litigation with no further Court order being necessary") (internal quotation marks and citations omitted).

Plaintiff fails to make any specific factual allegations as to Mr. Obbink, instead generally complaining of the law enforcement activities of the J5 and grouping the foreign J5 Defendants into a single entity. *See* SAC, generally.[6] Mr. Obbink is referenced only once, when he is named in the "Defendants" section. *See* SAC, Parties, Defendants, at 3.[7] The lack of any individual allegations is additional evidence that Mr. Obbink is named only because he is the Director General of the FIOD and the Netherlands' representative to the J5, not for any individual or personal act. See *Nagy v. Naday*, No. 17-10613-LTS, 2019 U.S. Dist. LEXIS 225127, at *5-6 (D. Mass. June 28, 2019); *Li v. Li*, No. 20-2008, 2023 U.S. Dist. LEXIS 60329, at *10-11 (D.D.C. Apr. 5, 2023), *aff'd,* 2024 U.S. App. LEXIS 27508 (D.C. Cir., Oct. 29, 2024).[8] Here, this is **not** a case "better

---

[6] Nor has Plaintiff made any allegations or references to Mr. Obbink in the course of the proceedings.

[7] Mr. Obbink is not even included in the case caption despite the Federal Rules of Civil Procedure's requirement that a complaint's title include all parties. *See* Fed. R. Civ. P. 10(a); *Fromberg v. City of Marlborough*, No. 15-14183-LTS, 2016 U.S. Dist. LEXIS 112, at *8 (D. Mass. Jan. 4, 2016) ("The title of the amended complaint must name all the parties.").

[8] "If the suit is against the official personally, then the common law regarding sovereign immunity applies, but if the state is the real party in interest, then the suit should be treated as an action against the foreign state itself to which the FSIA would apply." *Edwards v. Fed. Gov't of*

understood as a personal liability claim based on personal acts, [but] as an official-capacity suit in which the state is . . . the real party in interest." *See Hussein v. Maait*, 129 F.4th 99, 114 (2d Cir. 2025). Hence, the Netherlands is the real party in interest.

### B.    The FSIA applies and the case must be dismissed for lack of subject matter jurisdiction and personal jurisdiction

Where the sovereign nation is the real party in interest, the FSIA applies and is the sole basis for obtaining subject matter jurisdiction. *See Samantar v. Yousuf*, 560 U.S. 305, 325 (2010); *Universal Trading & Inv. Co. v. Bureau for Representing Ukrainian Ints. in Int'l & Foreign Cts.*, 727 F.3d 10, 16 (1st Cir. 2013) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)). Under the FSIA, a foreign sovereign is presumptively immune from suit in the United States; unless an enumerated exception applies, federal courts lack both personal and subject-matter jurisdiction to decide the case. 28 U.S.C. § 1604; *Republic of Hungary v. Simon*, 145 S. Ct. 480, 488 (2025).

No exception to the FSIA applies. The exception analysis is the same for all of the foreign J5 officials, and there are no facts relating to Mr. Obbink or the Netherlands that would change that analysis. Plaintiff has asserted in his court filings, but not in the operative complaint, that the "commercial activity" and the "non-commercial tort" exceptions apply. But Plaintiff has not and cannot plead any facts that would bring the claims under those exceptions. The activities in question are not commercial. *See Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 614 (1992) (where a foreign government is acting as regulator of a market, and not as a private player within it, the actions are not "commercial."). And Plaintiff's specific claims fall within the

---

*Nigeria*, No. 18-11133-FDS, 2018 U.S. Dist. LEXIS 212827, at *6 (D. Mass. Dec. 18, 2018) (internal quotation marks and citations omitted). If the Court finds that somehow the action is against Mr. Obbink personally, contrary to the specific wording and allegations of the SAC, the Court would be required to address sovereign immunity issues under the common law.

carveouts to the "non-commercial tort" exception to immunity because Plaintiff's alleged claims (a) sound in defamation, misrepresentation, and interference with contract and (b) would be within the discretionary law enforcement authority of the state, leaving Plaintiff's claims covered by foreign sovereign immunity.  Under Loc. R. 7(f), Mr. Obbink incorporates by reference the legal standards and arguments set forth by Mr. Day in his brief.  Defendant William Day's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 159, at 9-14.  Because the Netherlands is the real party in interest and no exception to sovereign immunity under the FSIA applies, the Court lacks subject matter jurisdiction and personal jurisdiction, and the case must be dismissed as to Mr. Obbink.

### III.    This case must be dismissed as against Mr. Obbink pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim for which relief can be granted

Plaintiff's SAC is also subject to dismissal under Rule 12(b)(6) for failure to state a claim as to any of the four counts asserted against Mr. Obbink.  Plaintiff's claims are all barred by the statute of limitations.  Because the underlying law, analysis, and facts are virtually identical between each of the foreign J5 Defendants, Mr. Obbink adopts by reference the statement of law and arguments as set forth in the briefs of Mr. Day and Mr. Ferron.  Defendant William Day's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 159, at 14-20; Eric Ferron's Motion to Dismiss Amended Complaint Under Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), ECF No. 129, at 12-27.

**CONCLUSION**

The Court should dismiss this case with prejudice on any of the multiple grounds described above.  Plaintiff has not properly served Mr. Obbink or the Netherlands, and Plaintiff's twice-amended complaint fails to allege any facts that would support an exception to the FSIA.  Instead, Plaintiff's complaint airs an alleged grievance with domestic regulatory activities, failing to state

10

any claim upon which relief can be granted as to Mr. Obbink and the Netherlands.  Mr. Obbink

and the Netherlands respectfully request that this Court promptly end this litigation against them.

In San Juan, Puerto Rico, this 30th day of July, 2025.

**RESPECTFULLY SUBMITTED,**

BAKER & MILLER PLLC

_____
W. Todd Miller (admitted *pro hac vice*)
1325 Pennsylvania Ave., N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 663-7822
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com

/s/ *Rafael Escalera Rodríguez*
REICHARD & ESCALERA, LLC
Rafael Escalera Rodríguez (USDC PR 122609)
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913
Telephone: (787) 777-8877
Facsimile: (787) 765-4225
escalera@reichardescalera.com

*Counsel for Defendant, Mr. Niels Obbink, and for
the Government of the Kingdom of the Netherlands
as the real party in interest*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants in the above-named case.

BAKER & MILLER PLLC

_____
W. Todd Miller (admitted *pro hac vice*)
1325 Pennsylvania Ave., N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 663-7822
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com


/s/ *Rafael Escalera Rodríguez*
REICHARD & ESCALERA, LLC
Rafael Escalera Rodríguez (USDC PR 122609)
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913
Telephone: (787) 777-8877
Facsimile: (787) 765-4225
escalera@reichardescalera.com


*Counsel for Defendant, Mr. Niels Obbink, and for the Government of the Kingdom of the Netherlands as the real party in interest*