IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER DAVID SCHIFF, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, et al., <br><br> Defendants. | CIVIL NO. 24-1511 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On November 4, 2024, Plaintiff Peter David Schiff ("Plaintiff") filed the present case alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985 (3), and under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against several Defendants, among them Jim Lee ("Lee") in his individual and official capacity as former Chief of Criminal Investigations for the Internal Revenue Service ("IRS"). On March 13, 2025, the undersigned referred this case to a Magistrate Judge for full pre-trial management, including ruling on non-dispositive motions and issuing reports and recommendations for dispositive motions. (Docket No. 66).

On January 14, 2025, Plaintiff filed a motion for extension of time to complete service of process on multiple defendants in this case which the Court granted in part. (Docket Nos. 29 and 30). On March 31, 2025, Plaintiff filed a second motion requesting an additional extension until May 30, 2025, to serve Lee in his personal capacity, which the Court denied. In so doing, the Court found Plaintiff had sufficient time to complete

Case 3:24-cv-01511-CVR-MEL   Document 242   Filed 01/22/26   Page 2 of 4

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 2
_____

service of process[1], had not articulated any efforts undertaken to serve Lee during that time, and particularly because Lee was in the United States. (Docket Nos. 77 and 79). The Court also ordered Plaintiff to show cause as to why this case should not be dismissed against Lee, in his personal capacity, for failure to complete service of process in a timely manner. (Id.). Plaintiff filed a motion in compliance therewith and at the same time, requested leave of Court to serve by publication under Federal Rule of Civil Procedure 4(e)(1) and Puerto Rico Rule of Civil Procedure 4.6. (Docket No. 83). On May 20, 2025, Plaintiff filed a second motion requesting leave to serve Lee by publication, which the Court also denied. (Docket Nos. 101 and 114).

Magistrate Judge Marcos E. López then issued a Report and Recommendation ("R&R") recommending that the case be dismissed against Lee in his personal capacity for failure to timely serve process on him. (Docket No. 125). Magistrate Judge López found that the only information Plaintiff provided in his show cause motion regarding service attempts was that representatives at Lee's place of employment refused to confirm whether Lee was employed or could be served there and a certified mail receipt of a waiver request sent to Lee. Magistrate Judge López found Plaintiff's conclusion that, "[d]espite extensive and good-faith efforts" he had been unable to identify other addresses or places of employment for Lee, was insufficient as there were no details as to that those "efforts" were. (Id.).

## ANALYSIS

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28

---

[1] By then, Plaintiff had 137 days to serve Lee.

Case 3:24-cv-01511-CVR-MEL    Document 242    Filed 01/22/26    Page 3 of 4

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 3
_____

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id.

Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022). The Court, however, need not "consider frivolous, conclusive, or general objections." Local Rule 72(d); Fed.R.Civ.P. 72(b)(2); Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the Court will review those portions of the R&R for clear error. Id. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

Plaintiff timely filed a "Motion to Vacate the Report & Recommendation (ECF 125) and for Leave to Effect Service by Publication (Fed. R. Civ. P. 4(E)(1), 4(I)(3); P.R. R. Civ. P. 4.6)" which the Court will consider as an objection to the Magistrate Judge's R&R. (Docket No. 128). Plaintiff's filing elaborates on the efforts Magistrate Judge López found wanting but merely adds that process servers went to Lee's presumed work address[2] on three occasions and he sent an unsuccessful Freedom of Information Act request to the

---

[2] The IRS had already refused to indicate whether Lee was employed or could be served at said location, so this cannot even begin to be considered "extensive" or "good faith" efforts.

Case 3:24-cv-01511-CVR-MEL    Document 242    Filed 01/22/26    Page 4 of 4

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 4
_____

IRS for Lee's last-known work and home address locations. He again asked to be allowed to serve by publication and for an extra sixty (60) days in which to effect service.

The explanation provided as to the service efforts fares no better, as it adds information not previously on the record and a party objecting to an R&R is not "entitled as of right to a *de novo* review by the [district] judge of an argument never raised" before the Magistrate Judge.[3] See United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019); López Mulero v. Vélez Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007) (Absent a proper objection, though, the Court need only satisfy itself that there is no plain error in the Magistrate Judge's findings to adopt the same). Plaintiff was given an opportunity to detail his service of process efforts and came up short. Thus, Plaintiff cannot get a second bite at the apple.

In sum, upon a careful review, the Court finds Magistrate Judge López' R&R to be well-reasoned and without error. Accordingly, the R&R is ADOPTED it in its entirety.

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 125) is ADOPTED, and all claims filed by Plaintiff against Jim Lee, in his personal capacity, are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 22nd day of January 2026.

                                                    S/CAMILLE L. VELEZ-RIVE
                                                    CAMILLE L. VELEZ RIVE
                                                    UNITED STATES DISTRICT JUDGE

---

[3] Even if the Court were to consider these meager efforts at service, they are plainly insufficient as well.