IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER DAVID SCHIFF, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, et al., <br><br> Defendants. | CIVIL NO. 25-1511 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from the closure of Euro Pacific International Bank ("the Bank"), owned by Plaintiff Peter David Schiff ("Plaintiff"). The Bank was subject to scrutiny by the Internal Revenue Service ("IRS") and the Puerto Rico Commissioner of Financial Institutions ("OCIF" per its Spanish-language acronym) as part of a joint tax enforcement investigation of the Bank conducted by the Joint Chiefs of Global Tax Enforcement known as the "J5".[1]

Plaintiff's grievance stems from his intended sale of the Bank's stock to a company called Qenta for $17.5 million dollars. OCIF initially supported the sale but on May 16, 2022 blocked it, allegedly at the request of the J5 Defendants. OCIF instead approved an asset sale to Qenta for much less, $1.25 million, after the Bank entered receivership which resulted in a considerable loss to Plaintiff. OCIF also rejected Plaintiff's offer to inject $7 million in capital into the Bank, and assured Plaintiff that the Bank's capital level, though

---

[1] The J5 combats transnational tax crime through gathering information, sharing intelligence, conducting operations, and building the capacity of tax crime enforcement, consisting of five individual members (collectively, the "J5 Defendants.").

Case 3:24-cv-01511-CVR    Document 271    Filed 03/12/26    Page 2 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 2
_____

below the statutory required minimum, was sufficient for the Bank to operate prior to the completion of the sale to Qenta. OCIF later ordered the Bank's liquidation. As of June 5, 2025, OCIF's appointed Trustee had not completed the Bank's liquidation process.

As part of the investigation, Jim Lee ("Lee"), the former IRS' Chief of Criminal Investigations, made statements during a press conference in Puerto Rico to announce the investigation of the Bank and implied Plaintiff was involved in tax evasion and money laundering. Plaintiff avers these statements were false and, as result of the delay in completing the Bank's liquidation, Plaintiff's reputation was damaged, and he has suffered significant financial harm. Plaintiff asserts he later found out the IRS and the J5 Defendants were allegedly in a conspiracy and leaked confidential and false information regarding the investigation to the press, which published this false information further harming Plaintiff.

Plaintiff brought the instant case against many defendants, including the United States of America ("United States").[2] He also sued Lee in his official and personal capacity,[3] as well as IRS' employees Justin Cole ("Cole"), Matt Line ("Line"), Mike Batdorf ("Batdorf") and unnamed IRS employees (collectively the "Individual Defendants") and others. Plaintiff raised claims under 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985(3) ("Section 1985"), an independent claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the "Bivens claim"), as well as under the Federal Tort Claims Act ("FTCA") for tortious interference with business

---

[2] Although not directly sued, the United States appeared on behalf of the IRS and the Individual Defendants in their official capacity only.

[3] The claims against Lee in his personal capacity were dismissed on January 22, 2026. See Docket No. 242.

relations and defamation under Article 1536 of the Puerto Rico Civil Code of 2020, 31 P.R. Law Ann. tit. 31, § 10801.

Before the Court now is the United States' "Motion to Dismiss Plaintiff's Second Amended Complaint" in which it moves the Court to dismiss all claims against it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Docket No. 188). Plaintiff opposed said motion (Docket No. 208), and the United States replied. (Docket No. 222).

The undersigned previously referred this case to Magistrate Judge Marcos E. López ("Magistrate Judge López") for full pre-trial management, including ruling on non-dispositive motions and issuing reports and recommendations for dispositive motions. (Docket No. 66).

On February 6, 2026, Magistrate Judge López issued a Report and Recommendation ("R&R") recommending that the claims against the United States be dismissed. (Docket No. 248).

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement….' Specific facts are not necessary."). To show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the

Case 3:24-cv-01511-CVR   Document 271   Filed 03/12/26   Page 4 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 4
_____

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555.

When evaluating a claim under a Rule 12 motion, the Court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions"; see also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 557 (2009). Thus, a plaintiff is required to present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570.

The Court may refer dispositive motions to a Magistrate Judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Id.

Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022). The Court, however, need not "consider frivolous, conclusive, or general objections." Local Rule 72(d); Fed.R.Civ.P. 72(b)(2); Rodríguez-González v.

Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the Court will review those portions of the R&R for clear error. Id. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

**ANALYSIS**

**A. The R&R.**

Magistrate Judge López specifically found in the R&R that the causes of action in this case were made against the Individual Defendants in their official, not personal capacity, with only the Bivens claim alleged against them in their personal capacity.[4][5] As such, he found the United States, not the IRS or the Individual Defendants in their official capacity, was the proper party and should be substituted, and that as sovereign, could only be sued to the extent that it had so consented by statute. As there was no evidence in Section 1983, Section 1985(3) or under Bivens that Congress intended to subject federal agencies or the United States itself to liability, he recommended these claims be dismissed. Regarding the defamation and tortious interference with contractual relations claims, Magistrate Judge López found them to be barred under the FTCA, and as Plaintiff

---

[4] Magistrate Judge López found that, although the Amended Complaint did not specify in what capacity Plaintiff was suing the Individual Defendants, Plaintiff referred to each IRS defendants by their positions in the agency and the factual allegations did not allude to any action taken by them that reasonably fell outside their work as IRS agents. As noted by the Magistrate Judge, however, Plaintiff did provide fair notice of a Bivens claim, which can only be bought against government officials in their personal capacity, but he was unable to determine whether the Complaint sufficiently pled such a claim insofar as "no parties have made motions to dismiss the personal capacity Bivens claims against the Individual Defendants." Docket No. 248, p. 7. The United States appeared for the Individual Defendants in their official capacity only, and there are no appearances on the record on their behalf in their personal capacity. Additionally, the Individual Defendants do not appear to have been properly served in their personal capacity. See Docket No. 144; Fed.R.Civ.P. 4(e). In fact, the United States mentions, in both its Motion to Dismiss and in its Reply brief, that Plaintiff has "not personally served the defendants." The record does not reflect either that Individual Defendant Line was ever served, in official or personal capacity.

[5] As previously mentioned, the personal capacity claims against Lee were dismissed. See Docket No. 242.

admitted he had filed no administrative claim prior to filing this lawsuit, his failure to exhaust administrative remedies as to these two tort claims as required by the FTCA represented an additional ground for dismissal of those claims.

**B. Plaintiff's Objections to the R&R.**

Plaintiff timely filed his Objections to the R&R, on four limited grounds. (Docket No. 254). First, he argues the R&R is overbroad as to the conclusion that the IRS is not a proper Defendant and alleges his request for non-monetary relief against the agency is allowed under the Administrative Procedure Act (the "APA") and under the Larson-Dugan doctrine. Second, he avers the R&R improperly recommended dismissal as to all claims due to sovereign immunity because the R&R did not address the individual capacity claims. Therefore, the R&R should only be read to recommend dismissal of official capacity claims. Third, Plaintiff objects because the R&R recommends dismissal of all claims and the Bivens claims should be dismissed solely against the official capacity Defendants. Lastly, he argues the dismissal of the FTCA claims is improper because the Court has not yet effected the substitution of the United States as the proper Defendant.

At the outset, the Court notes Plaintiff did not dispute the Magistrate Judge's findings that, with the exception of the Bivens claim, the IRS officers were sued in official, not personal capacity, making the United States the only proper party; that sovereign immunity attaches and thus bars the claims asserted against the United States because there has been no waiver; that the FTCA bars the defamation and tortious interference claims against the United States; or that Plaintiff failed to file an administrative claim. For this reason and finding no clear error with Magistrate Judge López' conclusions, the Court ADOPTS the Magistrate Judge's findings in the R&R as to these matters.

Case 3:24-cv-01511-CVR   Document 271   Filed 03/12/26   Page 7 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 7
_____

The Court now addresses Plaintiff's limited Objections and, after conducting a *de novo* review, finds that they are insufficient to prevent dismissal.

As to the first objection, Plaintiff argues that the suit against the IRS may proceed under the APA and the Larson-Dugan doctrine, which he fails to provide a citation for and fails to provide any developed argument as to how these alleged exceptions apply to this case. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (finding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). More importantly, Plaintiff failed to oppose the Magistrate Judge's conclusion that a suit against the IRS and its officials is really a suit against the United States and thus, sovereign immunity attaches.

To this effect, Plaintiff's second objection explicitly accepts that sovereign immunity applies to both the United States and the official capacity Defendants because there is no express waiver and argues only that that the individual capacity claims should not be dismissed. (Docket No. 254, p. 5). For this reason, this objection holds no ground.

The same reasoning applies to Plaintiff's fourth objection, that dismissal of all claims against Defendants of the FTCA claims is improper because the Court has not yet effected the substitution of the United States as a proper party. As explained above, Plaintiff failed to object to the portion in the R&R that found the United States was the only proper party and Plaintiff's Opposition to the United States' Motion to Dismiss so admits as follows: "Moreover, to the extent the IRS and its officials are named in their official capacities the proper course is substitution of the United States as the defendant in place of those officials." (Docket No. 208, p. 2). Thus, this argument is also inapposite.

The other two objections merely seek to clarify the R&R's reach and simply ask the Court to dismiss the official capacity claims asserted against the Individual Defendants and leave the personal capacity claims alive. But Plaintiff failed to object to the Magistrate Judge's initial finding that the Individual Defendants were *not* being sued in their personal capacity, except for Defendant Lee whose personal capacity claims were already dismissed, see fn. 3 and 5. Thus, this argument is also a non-starter. In other words, except Bivens, all claims were pled in official capacity, which the Court has found are barred. Only the Bivens claim was pled in personal capacity, which the Court addresses below.

The remainder of the Objection asks the Court to once again allow Plaintiff to amend his pleadings (for a third time) to correct deficiencies and spends a great deal of time and ink discussing documents attached to the Objection that the Court should consider in allowing the amendments. However, at this stage considering the Court only looks at the pleadings to determine whether a party has sufficiently alleged facts so the case may move forward, the Court declines Plaintiff's invitation, finding he has had ample time to amend his allegations and failed to do so. See Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) (holding that a court "may refuse to allow plaintiffs an endless number of trips to the well," particularly where they have already "afforded the plaintiffs an ample opportunity to put their best foot forward."). Moreover, to the extent these documents were never before Magistrate Judge López, the Court will not consider them. Sarria Ortega v. Agosto Alicea, Civil No. 02-2038 (PG), 2005 WL 2297540, at *9 (D.P.R. Sept. 21, 2005) ("The Court will not consider evidence or arguments not presented

Case 3:24-cv-01511-CVR   Document 271   Filed 03/12/26   Page 9 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 9
_____

to the Magistrate Judge"); Borden v. Secretary of Health & Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987).

In sum, upon an independent review of the record and consideration of the analysis contained in Magistrate Judge López' R&R and after conducting its own research and required analysis on the issues and objections presented for the Court's consideration, the Court adopts in full Magistrate Judge López' findings and legal conclusions that the United States' Motion to Dismiss shall be granted and the case dismissed.

**C. The Bivens claim.**

Having disposed of the claims against the United States, the Court addresses the remaining Bivens claim against the Individual Defendants in their personal capacity. As stated above, Magistrate Judge López found the Amended Complaint provided fair notice of this claim but was unable to determine whether the Complaint sufficiently or properly pled such a claim because the Individual Defendants had not appeared in their personal capacity and no dispositive motions addressed this issue. The Court addresses this matter now for judicial economy not to prolong the inevitable.

The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and persons and things to be seized." U.S. Const. Amend. IV. A warrant issued by an independent judicial officer, based upon a showing of probable cause, is an essential element of a reasonable search, and requires that the place to be searched and the items to be seized be described

Case 3:24-cv-01511-CVR    Document 271    Filed 03/12/26    Page 10 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 10
_____

"particularly." U.S. Const. Amend. IV. A particular description of the thing to be seized precludes general searches and prevents the seizure of one thing under a warrant describing another. Marron v. United States, 275 U.S. 192, 196 (1927).

The Fifth Amendment, on the other hand, states that no one shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation". U.S. Const. Amend. IV.

The Amended Complaint only generally alleges that the Individual Defendants conspired to close Plaintiff's Bank in coordination with OCIF and the J5 Defendants, and that the June 30th press conference announced the investigation and the Bank's closure and falsely implied illegal activity. It further claims that the IRS leaked information to the media about Plaintiff and the Bank, which they knew to be false, and which caused Plaintiff great reputational harm. The Bivens cause of action simply alleges "unlawful seizure of property, violating the Fourth and Fifth Amendments." Plaintiff also brings an "alternative claim" for "violation of civil rights - due process and Unlawful Seizure of Property (Fifth Amendment)" alleging he was unlawfully deprived of property without due process in violation of the Fifth Amendment and citing again to Bivens.

The Court finds that the scant allegations in the Amended Complaint are insufficient to meet the threshold requirements of Fed.R.Civ.P. 8, insofar as they are woefully inadequate to even meet the plausibility standard. "A court does not accept as true allegations that while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011). Missing from the Amended Complaint's threadbare and conclusory statements are any details whatsoever

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 11
_____

as to how Plaintiff's property was allegedly unlawfully taken by the actions of the Individual Defendants or details as to how they violated his Fifth Amendment constitutional rights. No mention is made, for example, as to any warrantless search undertaken under the Fourth Amendment and the factual allegations fail to state with even a modicum of specificity how Plaintiff was allegedly deprived of his property without due process. The Amended Complaint additionally contains no mention whatsoever as to how Plaintiff's civil rights were allegedly violated.

Regarding the conspiracy, Plaintiff must plead (1) a conspiracy; (2) a conspiratorial purpose to deprive a class of persons of equal protection of the laws; (3) an overt act in furtherance thereof and; (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege. Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech., 158 F.4th 1, 24 (1st Cir. 2025).

A review of Plaintiff's Amended Complaint shows that it only contains one of these factors, to wit, that a conspiracy existed. Nonetheless, it fails to "plead in some detail, through reference to material facts, the relationship or nature of the cooperation between the state actors and the private individuals, including how the conspiracy was made or 'hatched…'". Torres-Rosado v. Rotger-Sabat, 204 F.Supp.2d 252, 267 (D.P.R. 2002) (citing Slotnick v. Staviskey, 560 F.3d 31, at 33 (1st Cir. 1977)). "For conspiracy purposes, simply alleging that defendants acted jointly and in concert and under color of law is insufficient." Torres-Rosado, 204 F.Supp.2d at 267 (collecting cases); see also Martínez-Machicote v. Ramos-Rodríguez, 553 F.Supp.2d 45, 49-50 (2007) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). This is exactly the type

Case 3:24-cv-01511-CVR    Document 271    Filed 03/12/26    Page 12 of 12

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 12
_____

of conclusory and insufficient pleading that Plaintiff has made in this case.

In sum, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Iqbal, 550 U.S., at 555; see also Zannino, 895 F.2d at 17; Nevor v. Moneypenny Holdings, LLC, 842 F.3d 113, 119 (1st Cir. 2016) ("robes and gavels, not tea leaves or crystal balls, are the tools of a trial judge's trade"). The Courts finds the allegations against Individual Defendants Justin T. Cole, in his personal capacity; Matt Line, in his personal capacity; and Mike Matdorf, in his personal capacity, are insufficient to meet the plausibility standard. For this reason, they are DISMISSED.[6]

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 248) is ADOPTED in its entirety. Accordingly, the United States' Motion to Dismiss (Docket No. 188) is GRANTED and all claims filed against the United States are DISMISSED WITH PREJUDICE. [7]

In addition, the Court independently finds that all the Bivens claims against the Individual Defendants are DISMISSED WITH PREJUDICE as they are insufficient to meet the plausibility standard.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 12th day of March 2026.

                            S/CAMILLE L. VELEZ-RIVE
                            CAMILLE L. VELEZ RIVE
                            UNITED STATES DISTRICT JUDGE

---

[6] Considering this conclusion, there is no need for the Court to reach the alternate reason for dismissing the claims, namely, insufficiency of service of process.