IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER DAVID SCHIFF,

Plaintiff,

v.

INTERNAL REVENUE SERVICE, et al.,

Defendants.

CIVIL NO. 25-1511 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from the closure of Euro Pacific International Bank ("the Bank"), owned by Plaintiff Peter David Schiff ("Plaintiff"). The Bank was subject to scrutiny by the Internal Revenue Service ("IRS") and the Puerto Rico Commissioner of Financial Institutions ("OCIF" per its Spanish-language acronym) as part of a joint tax enforcement investigation of the Bank conducted by the Joint Chiefs of Global Tax Enforcement known as "J5" (the "J5 Defendants").[1]

Plaintiff's grievance stems from the intended sale of the Bank's stock to a company called Qenta for $17.5 million. OCIF initially supported the sale but ultimately blocked it on May 16, 2022, allegedly at the request of the J5 Defendants. OCIF instead approved an asset sale to Qenta for $1.25 million after the Bank entered receivership, appointing OCIF's Trustee Wigberto Lugo Mender ("Trustee Lugo") in charge thereof and which resulted in a considerable loss to Plaintiff. In June 2022, Former IRS Chief of Criminal

---

[1] The J5 combats transnational tax crime through gathering information, sharing intelligence, conducting operations, and building the capacity of tax crime enforcement.

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 2
_____

Investigations Jim Lee made statements during a press conference in Puerto Rico to announce the investigation into the Bank, where OCIF Commissioner Natalia Zequeira ("Commissioner Zequeira") was present.  Plaintiff avers these statements were false and as result of the delay in completing the Bank's liquidation, which is being overseen by Trustee Lugo, Plaintiff's reputation was damaged, and he suffered significant financial harm.[2]

Plaintiff then filed the present case against OCIF, Commissioner Zequeira, in her official and personal capacity, and Trustee Lugo in his official capacity only, among other defendants.   Plaintiff brings claims under 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985(3) ("Section 1985"), an independent claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the "Bivens claim"), as well as under the Federal Tort Claims Act ("FTCA") for tortious interference with business relations and defamation under Article 1536 of the Puerto Rico Civil Code of 2020, 31 P.R. Law Ann. tit. 31, § 10801.

Before the Court now are OCIF, Commissioner Zequeira and Trustee Lugo's Motions to Dismiss (Docket Nos. 195 and 164), in which they move the Court to dismiss all claims against them under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff opposed (Docket Nos. 209 and 181), and both Defendants replied. (Docket Nos. 227 and 226).

The undersigned had previously referred this case to Magistrate Judge Marcos E. López ("Magistrate Judge López") for full pre-trial management, including ruling on non-

---

[2] The Court takes judicial notice that on September 16, 2025, Trustee Lugo filed a case before this Court alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1, et. seq. and of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 in the Bank's liquidation process.  The Complaint alleges Plaintiff, Qenta and Qenta CEO Brent de Jong misappropriated nearly $50 million in assets belonging to the Bank's customers, which deprived them of their property and obstructed the Trustee's ability to perform his mandate of preserving and recovering customer assets in an orderly liquidation process.  See Lugo-Mender v. Qenta, Inc., et al., Civil No. 25-1501 (PAD).

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 3
_____

dispositive motions and issuing reports and recommendations for dispositive motions.

(Docket No. 66).

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). To show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555.

When evaluating a claim under motion to dismiss stage, the Court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions"; see also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 557 (2009). Thus, a plaintiff is required to present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570.

The Court may refer dispositive motions to a Magistrate Judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Within fourteen days of receiving a copy of the report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Id.

Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022).  The Court, however, need not "consider frivolous, conclusive, or general objections."  Local Rule 72(d); Fed.R.Civ.P. 72(b)(2); Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012).  And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the Court will review those portions of the R&R for clear error.  Id.  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636 (b)(1)(C).

## ANALYSIS

### A. The R&R.

Magistrate Judge López found both Motions to Dismiss shared common issues and addressed them jointly in his Report and Recommendation (the "R&R"), recommending that all claims against OCIF, Commissioner Zequeira and Trustee Lugo be dismissed. (Docket No. 251).  Specifically, Magistrate Judge López found that OCIF was an arm of the state and therefore immune from damages under the Eleventh Amendment, and that

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 5
_____

said immunity extended to claims against Commissioner Zequeira and Trustee Lugo in their official capacities.  Thus, the Court lacks subject matter jurisdiction to entertain these claims.  In the alternative, Magistrate Judge López found all causes of action against them to be barred, insofar as Plaintiff signed a waiver discharging all present and future claims against OCIF and Commissioner Zequeira in the Consent Order for the Bank's liquidation. Magistrate Judge López found the language of the waiver also applied to Trustee Lugo, and concluded the Court lacked subject matter jurisdiction on these grounds in addition to Eleventh Amendment immunity grounds.

These findings left only the personal capacity claims against Commissioner Zequeira (Trustee Lugo was not sued in personal capacity), which the Magistrate Judge also recommended dismissing because Plaintiff's pleadings failed to meet the plausibility threshold under Rule 12(b)(6).  As to the §1983 claims, he found the Amended Complaint only presented vague and conclusory allegations.  Regarding the §1985 claims, he found they contained no details as to the conspiracy allegations or mention of any class-based allegations or animus.  He additionally found the §1983 and §1985 claims to be time-barred, as the press conference and Liquidation Order occurred in 2022 and the case was filed in 2024.  As to the Bivens claim, Magistrate Judge López concluded it was inapplicable to Commissioner Zequeira as she was not a federal officer.  Finally, the tortious interference claims failed as there was no contract as required under Puerto Rico law[3] as well as the defamation claims because the Amended Complaint was devoid of any statements made by Commissioner Zequeira at the June 2022 press conference.

_____

[3] As the R&R additionally noted, Puerto Rico law renders any sale or transfer of stock in an international financial institution *null ab initio* if the Commissioner's written authorization has not been previously obtained.  See P.R. Laws Ann. tit. 7, § 3089.  OCIF blocked the sale before it was authorized, so even taking this "sale" to constitute a purported

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 6
_____

### B. Plaintiff's Objections to the R&R.

Plaintiff timely filed an Objection to the R&R.  (Docket No. 257).  At the outset, Plaintiff asks the Court to once again allow him to amend his pleadings (for a third time) to correct deficiencies and spends a great deal of time and ink discussing documents attached to the Objection that the Court should consider in allowing the amendments. Plaintiff argues this information and documents are drawn from the April 2024 Freedom of Information Act ("FOIA") production.  As this case was filed in November 2024, *after* the FOIA release, this request is a non-starter, and any pleading deficiencies should have already been rectified.

At this juncture, the Court is only tasked with looking at the pleadings to determine whether a party has sufficiently alleged facts so the case may move forward, and any documents submitted in support of the R&R will not be considered at this late stage.  For this reason, the Court declines Plaintiff's invitation, finding he has had ample time to amend his allegations and did not do so.  See Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) (holding that a court "may refuse to allow plaintiffs an endless number of trips to the well," particularly where they have already "afforded the plaintiffs an ample opportunity to put their best foot forward.").[4] The Court likewise will not consider any documents attached to the Objections, considering they were never before the Magistrate Judge.  See Sarria Ortega v. Agosto Alicea, Civil No. 02-2038 (PG), 2005 WL 2297540, at *9 (D.P.R. Sept. 21, 2005) ("The Court will not consider evidence or

---

contract, it never came into existence.  For this reason, no party could have tortiously interfered with it.  (Docket No. 251, p. 31).

[4] Additionally, the Court notes this belated request to amend the pleadings a third time was already twice denied by the Court.  (See Docket Nos. 214 and 249).

arguments not presented to the Magistrate Judge"); Borden v. Secretary of Health &

Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987).

The Court now examines Plaintiff's Objections *de novo* and finds them to be

without merit and insufficient to prevent dismissal.

Plaintiff first argues the Magistrate Judge misapplied the Eleventh Amendment

analysis but offers no discussion on this ground. Rather, he argues instead that the

release contained in the Consent Order he signed was a "corporate" release and did not

apply to his personal injury claims. Plaintiff thus failed to object to the argument that

OCIF is an arm of the state and therefore immune on Eleventh Amendment grounds, as

are Commissioner Zequeira and Trustee Lugo by extension. The Court finds the

Magistrate Judge's thoughtful and thorough analysis of this issue is correct, on point and

without clear error and hereby adopts it. As there is no waiver of immunity for any of the

claims alleged in the present case, this is sufficient to dismiss the claims against OCIF, as

well as the official capacity causes of action against Commissioner Zequeira and Trustee

Lugo because the Court lacks jurisdiction to entertain them.

If more were needed, the Court cannot agree with Plaintiff's convenient reading

and rejection of the waiver he signed in the Consent Order for the Bank's liquidation. The

Court agrees with the findings made by Magistrate Judge López that the Amended

Complaint does not allege any duress in executing the document, nor does it provide any

additional information or evidence showing undue influence. Furthermore, the Consent

Order plainly indicates that Plaintiff discussed the same with his attorneys, that he

voluntarily consented thereto, and that he was not induced in any way to execute the

same. The release is broad and applies to "any and all claims, demands, damages, debts,

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 8
_____

liabilities, obligations, contracts agreements, causes of action, suits, of whatever nature,

character or description, that Euro Pacific may have or may hereafter have or claim to

have against each other" regarding the liquidation. (Docket No. 195, Exhibit 1, ¶ 18). As

the Magistrate Judge concluded, by the clear terms of the clause, Plaintiff released and

discharged OCIF, the Commissioner as an officer of OCIF and Mr. Lugo as Trustee and

relinquished all rights to pursue all legal action, including damages, causes of action of

*any* nature, including actions and omissions arising out of the liquidation of the Bank.

Since all claims in the present case arise from those same, now-waived grounds, the Court

agrees with Magistrate Judge López that it cannot entertain these claims, in addition to

the Eleventh Amendment immunity grounds.

This only leaves the personal capacity claims against Commissioner Zequeira.

Plaintiff argues in favor of the sufficiency of his allegations for the §1983 claims. However,

the Amended Complaint only alleges that Commissioner Zequeira rejected a stock sale

and initiated liquidation proceedings for the Bank even though the Bank allegedly had

funds to operate through the sale to Qenta. There is no other allegation that would allow

a reader to ascertain that her actions were contrary to OCIF's laws and regulations, nor

does the Amended Complaint offer more details as to how the process followed by OCIF

and Commissioner Zequeira violated Plaintif's constitutional rights, or how any of these

actions were made in her personal capacity.

As to the remaining causes of action, Plaintiff failed to oppose the R&R's

recommendation to dismiss the Bivens claim brought against Commissioner Zequeira

because she was a state and not a federal actor; did not object to the conclusion that the

§1985 claim lacked details as to the relationship of the cooperation between the actors

and lacked mention of discriminatory class animus; failed to object to the conclusion that a contract is a necessary element in a tortious inference claim; and failed to object to the conclusion that the defamation cause of action cannot lie because the Amended Complaint contains no defamatory statements attributable to Commissioner Zequeira. The Court's review of these recommendations under plain error finds them to be sound and correct.[5]

In sum, upon an independent review of the record and consideration of the analysis contained in Magistrate Judge López' R&R and after conducting its own research and analysis under the applicable standard of the issues presented for the Court's consideration, the Court adopts in full the Magistrate Judge's findings and legal conclusions that the Motions to Dismiss filed by OCIF, Commissioner Zequeira and Trustee Lugo should be granted and the causes of action against them dismissed.

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 251) is ADOPTED in its entirety. Accordingly, the Motions to Dismiss filed by OCIF and Commissioner Zequeira (Docket No. 195) and Trustee Lugo (Docket No. 164) are GRANTED, and all claims against them are DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

IT IS SO ORDERED.

---

[5] Although not discussed by Magistrate Judge López or addressed by Plaintiff, Commissioner Zequeira also argues that she is protected by qualified immunity, thus offering an independent ground to dismiss the claims brought in personal capacity against her. As Plaintiff failed to address this issue, it is therefore deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 10
_____

In San Juan, Puerto Rico, on this 12th day of March 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE