IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER DAVID SCHIFF,

Plaintiff,

v.

INTERNAL REVENUE SERVICE, et al.,

Defendants.

CIVIL NO. 25-1511 (CVR)

## OPINION AND ORDER

### INTRODUCTION

The present case arises from the closure of Euro Pacific International Bank ("the Bank"), owned by Plaintiff Peter David Schiff ("Plaintiff").  The Bank was subject to scrutiny by the Internal Revenue Service ("IRS") and the Puerto Rico Commissioner of Financial Institutions ("OCIF" per its Spanish-language acronym) as part of a joint tax enforcement investigation of the Bank conducted by the Joint Chiefs of Global Tax Enforcement known as "J5" (the "J5 Defendants").[1]

Plaintiff's grievance stems from his intended sale of the Bank's stock to a company called Qenta for $17.5 million.  OCIF initially supported the sale but ultimately blocked it on May 16, 2022. Plaintiff avers this was done at the request of the J5 Defendants.  OCIF instead approved an asset sale to Qenta for $1.25 million after the Bank entered receivership which resulted in a considerable loss to Plaintiff.   In June 2022, Former IRS Chief of Criminal Investigations Jim Lee made statements during a press conference in

---

[1] The J5 combats transnational tax crime through gathering information, sharing intelligence, conducting operations, and building the capacity of tax crime enforcement.

Puerto Rico to announce the investigation into the Bank.  Plaintiff avers these statements were false, and that that IRS and the J5 Defendants leaked confidential investigation information to the media, that then disseminated and published the allegations of tax evasion and money laundering regarding Plaintiff and the Bank despite knowing these claims were unsubstantiated.  As result, Plaintiff's reputation was damaged, and he suffered significant financial harm.

Plaintiff filed the present case against the New York Times ("NYT") and Matthew Goldstein, a NYT reporter ("Goldstein"); The Age, a newspaper in Melbourne, Australia, as well as Charlotte Grieve ("Grieve") and Nick McKenzie ("McKenzie"), journalists for The Age (collectively, the "Media Defendants") for allegedly colluding with the OCIF, the IRS and the J5 Defendants and printing unsubstantiated information about Plaintiff and the Bank in their respective publications, among other defendants.  Plaintiff brought claims against the Media Defendants under 42 U.S.C. § 1985(3) ("Section 1985"), tortious interference with business relations, and defamation under Article 1536 of the Puerto Rico Civil Code of 2020, 31 P.R. Law Ann. tit. 31, § 10801.[2]

Before the Court now is the NYT and Goldstein's ("NYT Defendants") Motion to Dismiss, in which they seek dismissal of all of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 165).  Plaintiff opposed and the NYT Defendants replied.  (Docket

---

[2] Plaintiff also brings an independent claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens" claim), and a claim for violation of his due process rights and unlawful seizure of property under the Fifth Amendment in the alternative to his Bivens claim.  He alleges that this alternative claim is brought against "All Defendants." However, a Bivens claim cannot be brought against non-government officials.  See Hernández-Cuevas v. Taylor, 836 F.3d 116, 119, n. 1 (1st Cir. 2016) (A Bivens action is a civil action brought against agents of the United States); Gerena v. P.R. Legal Serv. Inc., 697 F.2d 447, 449 (1st Cir.1983) (the Fifth Amendment applies only to claims asserted against the federal government, not against private individuals, or states).

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 3
_____

Nos. 177 and 225).

Before the Court also is The Age, Grieve and McKenzie's ("The Age Defendants")

Motion to Dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2) for

lack of personal jurisdiction, Federal Rule of Civil Procedure 12(b)(5) for insufficiency of

service of process, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

(Docket No. 167).  Plaintiff opposed and The Age Defendants replied.  (Docket Nos. 186

and 223).

The undersigned had previously referred this case to Magistrate Judge Marcos E.

López ("Magistrate Judge López") for full pre-trial management, including ruling on non-

dispositive motions and issuing reports and recommendations for dispositive motions.

(Docket No. 66).

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  A "short and plain" statement needs only enough detail to provide a defendant

with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93,

(2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

statement....' Specific facts are not necessary.").  To show an entitlement to relief, a

complaint must contain enough factual material "to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even

if doubtful in fact)."  See Twombly, 550 U.S. at 555.

When evaluating a claim in response to a motion to dismiss, the Court must "accept

as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009).  Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions"; see also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 557 (2009).  Thus, a plaintiff is required to present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570.

The Court may refer dispositive motions to a Magistrate Judge for an R&R.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id.

Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022).  The Court, however, need not "consider frivolous, conclusive, or general objections."  Local Rule 72(d); Fed.R.Civ.P. 72(b)(2); Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012).  And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the Court will review those portions of the R&R for clear error.  Id.  The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

## ANALYSIS

### A.  The R&R.

Magistrate Judge López issued his Report and Recommendation ("R&R") recommending that all claims against the Media Defendants be dismissed.  (Docket No. 247).  As to The Age Defendants, Magistrate Judge López found the causes of action against them should be dismissed for lack of personal jurisdiction as Plaintiff failed to allege any facts to allow the Court to determine their contacts with Puerto Rico, or whether The Age Defendants purposefully availed themselves of Puerto Rico's laws.  He further concluded that Plaintiff had not met his burden under Federal Rule of Civil Procedure 4(f) for proper service upon The Age Defendants in a foreign country under the Hague Convention or in the alternative, that proper service was effected upon them under the laws of Australia. Absent proper service and minimum contacts, the Court lacked jurisdiction over The Age Defendants, and recommended dismissal of all the claims filed against them.

As to the merits of the claims, both the NYT and The Age Defendants requested dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted, so the Magistrate Judge considered both dismissals jointly.  Magistrate Judge López concluded Plaintiff was unable to meet his burden as to the §1985 conspiracy cause of action, insofar as the Amended Complaint lacked facts showing the relationship or nature of the alleged conspiracy between the parties, including details as to how the conspiracy originated.  Additionally, he opined the Amended Complaint did not contain

any allegations that the conspiracy was motivated by racial or other class-based animus. As to the tortious interference cause of action, it likewise failed to mention the existence of a contract, an indispensable element of this cause of action under Puerto Rico law, and even assuming a contract existed, Plaintiff failed to allege any facts showing that the Media Defendants acted intentionally to interfere with said contractual relationship or even had knowledge that one existed.  Finally, as to defamation, he noted that Plaintiff's Amended Complaint merely alleged that the press conference "falsely implied criminal wrongdoing by Plaintiff" but failed to identify any false statements published by the Media Defendants or how they acted negligently, or with actual malice, in publishing the same. Accordingly, Magistrate Judge López recommended dismissal of all claims against the Media Defendants.

### B.  Plaintiff's Objections to the R&R.

Plaintiff timely objected to the Magistrate Judge's R&R.  (Docket No. 253).  The NYT Defendants and The Age Defendants replied to Plaintiff's Objections. (Docket Nos. 267 and 269).  The NYT Defendants also timely filed a limited Objection to the R&R as to the Magistrate Judge's finding that the §1985, tortious interference, and defamation claims would not be time-barred if they survived the Federal Rule of Civil Procedure 12(b)(6) motion.  (Docket No. 255).

At the outset, the Court must mention that Plaintiff's Objections begin with a "record-based timeline" and cites to "FOIA [Freedom of Information Act] materials the R&R did not fully credit."  Plaintiff then goes on to discuss numerous facts and dates that were never mentioned in the Amended Complaint and refers to 198 pages of documents attached to the Objection to salvage his meager allegations.  However, Plaintiff was

already granted two opportunities to amend his Complaint and failed to take advantage of those opportunities.  The Court reminds Plaintiff that its only obligation at this juncture is to determine whether, accepting as true all well pleaded facts in the Amended Complaint before the Court now, he has provided "a short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2) and whether such relief is plausible on the allegations he made.  Consideration of documents outside the pleadings is allowed in limited circumstances, which are not present here.  See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001) (noting that while the Court ordinarily may not consider documents beyond the Complaint in ruling on a motion to dismiss brought under Fed.R.Civ.P. 12, there are exceptions, including documents over which there is no dispute as to authenticity, official public records and documents specifically referenced in the complaint.).  Additionally, these documents were never before the Magistrate Judge.  Thus, to the extent that these documents are being brought now in a tardy attempt to save the scant allegations Plaintiff himself supplied in the now-twice Amended Complaint, the Court will not consider them. Sarria Ortega v. Agosto Alicea, Civil No. 02-2038 (PG), 2005 WL 2297540, at *9 (D.P.R. Sept. 21, 2005) ("The Court will not consider evidence or arguments not presented to the Magistrate Judge"); Borden v. Secretary of Health & Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987).

1.  Jurisdiction and service of process - The Age Defendants.

Plaintiff's first objection is that the R&R erroneously found that the Court lacked personal jurisdiction over The Age Defendants because the publication arose from a Puerto Rico regulatory action and a Puerto Rico press event that was "deliberately staged

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil No. 24-1511 (CVR)
Page 8

and internationally coordinated."  He refers the Court to the FOIA materials to support his argument that The Age Defendants had "repeated and direct contacts with Puerto Rico" due to their online publication.  (Docket No. 252, p. 3). But again, the Court must look at the allegations in the Amended Complaint, not outside documents, and they show no such thing.  At the most, the non-conclusory allegations simply show newspapers in Australia covering a news conference across the world in Puerto Rico, hardly the minimum contacts Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945) and its progeny require.  Simply covering a story for a publication in Australia, without more, cannot and does not entail direct contact or purposeful availment of a given forum's law. If this were the law, every person who published a story on the internet for example would be subject to personal jurisdiction in every state.  And, although Plaintiff mentions that Defendants' actions support the "Calder effects analysis", he fails to engage in any discussion whatsoever of how this applies to the Magistrate Judge's conclusions.[3]

Plaintiff's second objection is that defects in service are curable, and dismissal is unwarranted because the record shows active service efforts.  While this may be true, Plaintiff did not dispute the Magistrate Judge's conclusion that he has not effected proper service upon The Age Defendants, either under the Hague Convention or under the laws of Australia.  Under Fed.R.Civ.P. 4(f), when a defendant is a foreign citizen, the manner of service of process is exclusively governed by the Hague Service Convention.  See Ramírez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 86 (D.P.R. 2006).  In fact,

---

[3] Plaintiff also, for the first time, requests "limited jurisdictional discovery" to ascertain facts allegedly within the Defendants' control.  To extent this argument is made for the first time in the Objection, it is deemed waived.  Bramson v. Winn, 136 F. App'x 380, 382 (1st Cir. 2005) ("We deem this argument waived, as it was raised for the first time in Bramson's objections to the magistrate's report and recommendation"); Maine Green Party v. Maine, Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999).

Plaintiff's Opposition to The Age Defendants' Motion to Dismiss admitted he has not effected proper service.[4]  As such, the Court lacks jurisdiction over The Age Defendants because it is black letter law that a court's jurisdiction over parties is acquired only by valid service of process or their voluntary appearance.  See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)( "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."); Herndon v. Ridgway, 58 U.S. 424, 425 (1854) (noting that proper service of process is a prerequisite for litigating in federal court, and in its absence, a court lacks personal jurisdiction over the defendant unless the defendant has waived service or otherwise consented to personal jurisdiction); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

Additionally, the Court finds unavailing Plaintiff's argument that The Age Defendants have "appeared"[5] and because they are now on notice, the core purpose of service has been fulfilled.  Before a court may exercise personal jurisdiction over a defendant, there must be more than "notice" to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  See Omni Capital Int'l., 484 U.S. at 104.  That "extra" notice and that relationship is lacking here.

Regarding Plaintiff's argument that his admittedly defective service can be cured, the Court notes that Plaintiff sued The Age Defendants via its very first complaint filed on November 4, 2024, almost a year and a half ago, and has still not properly served

---

[4] See Docket No. 186, p. 7. ("Plaintiff acknowledges that formal Hague service has not yet been perfected.").

[5] The filings made by The Age Defendants so far have been by special appearance and without submitting to the Court's jurisdiction.

them. This lackadaisical attitude troubles the Court.  As candidly noted by Magistrate Judge López, Plaintiff's lack of proper service is not a minor technical error but shows "flagrant disregard of the requirements of the rules" and which justifies dismissal.  4A C. Wright and A. Miller, Federal Practice & Procedure, Civ.2d § 1088.

After conducting a *de novo* review and considering that both personal jurisdiction and sufficient service of process as to The Age Defendants are lacking, dismissal of the claims against them on these grounds is proper.

2.  Failure to state a claim - the Media Defendants

Plaintiff's third objection is that the R&R overlooks record materials and that deficiencies are curable as to the merits of the §1985, tortious interference and defamation claims.  But again, there are no record materials to review, and any argument using the documents filed in support of the pleadings will not be entertained.

Plaintiff does not dispute the Magistrate Judge's conclusion that the Amended Complaint contains no details describing the conspiracy's formation or the role of parties in it; contains no class-based discriminatory allegations; does not mention an existing contract (only "commercial harm", which is insufficient under Puerto Rico law); contains no facts evidencing the Media Defendants knew of this contract; or cites to the alleged defamatory statements made by the Media Defendants.  Instead, Plaintiff directs the Court to look at the NYT Defendants' filings, where the articles published by the NYT Defendants were filed on the record.  But it is Plaintiff who must prove his case and who must allege specific facts to sustain his claims *in his initial pleading*.  Directing the Court now to look at another party's filings while still not discussing what statements were false, or how Defendants allegedly acted negligently or with actual malice does not remedy the

fact that the pleading is deficient.  Furthermore, repeatedly asking for leave to amend the complaint to include more specificity at this late juncture and after twice being granted the opportunity to do is simply unavailing, after a year and a half has passed since the filing of this case.  See Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) (holding that a court "may refuse to allow plaintiffs an endless number of trips to the well," particularly where they have already "afforded the plaintiffs an ample opportunity to put their best foot forward.").

Consequently, having failed to object to the Magistrate Judge's findings and recommendations regarding his claims against the Media Defendants, the Court sees no error in the R&R's findings and hereby ADOPTS them.

In sum, upon an independent review of the record and consideration of the analysis contained in Magistrate Judge López' R&R and after conducting its own research and required analysis under the applicable standard on the issues presented for the Court's consideration, the Court adopts in full the Magistrate Judge's findings and legal conclusions of the R&R that the requests to dismiss filed by the Media Defendants should be granted and the causes of action against them dismissed.

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 247) is ADOPTED in full. Accordingly, the Motions to Dismiss filed by The Media Defendants (Docket Nos. 165 and 167) are GRANTED.  All claims against Defendants the New York Times, Matthew Goldstein, The Age, Charlotte Grieve and Nick McKenzie are DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 12th day of March 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE