IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER DAVID SCHIFF,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | CIVIL NO. 24-1511 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from the closure of Euro Pacific International Bank ("the Bank"), owned by Plaintiff Peter David Schiff ("Plaintiff"). The Bank was subject to scrutiny by the Internal Revenue Service ("IRS") and the Puerto Rico Commissioner of Financial Institutions ("OCIF" per its Spanish-language acronym) as part of a joint tax enforcement investigation of the Bank conducted by the Joint Chiefs of Global Tax Enforcement known as the "J5".[1]

Plaintiff's grievance stems from his intended sale of the Bank's stock to a company called Qenta for $17.5 million. OCIF initially supported the sale but ultimately blocked it on May 16, 2022, allegedly at the request of the J5 Defendants. OCIF instead approved an asset sale to Qenta for $1.25 million after the Bank entered receivership, resulting in a considerable loss to Plaintiff. As part of the investigation, Jim Lee, former IRS Chief of

---

[1] The J5 combats transnational tax crime through gathering information, sharing intelligence, conducting operations, and building the capacity of tax crime enforcement. The J5 consists of five individual members, all named defendants in this case: the IRS, Mr. Will Day, Mr. Eric Ferron, Mr. Niels Obbink, and Mr. Simon York (collectively, the "J5 Defendants"). The Court has already addressed the claims against the IRS in a separate Opinion and Order and will focus solely on the claims of the aforementioned individuals.

Criminal Investigations, made statements during a press conference in Puerto Rico to announce the investigation into the Bank, implying Plaintiff was involved in tax evasion and money laundering.  Plaintiff avers these statements were false and as result of the delay in completing the Bank's liquidation, Plaintiff's reputation was damaged, and he suffered significant financial harm. Plaintiff later found out that the IRS and the J5 Defendants were allegedly in a conspiracy and leaked confidential and false information regarding the investigation to the press, who published it, further harming Plaintiff.

Plaintiff then brough this case against many parties.  As relevant here, Plaintiff sued the international members of the J5, Will Day ("Day"), a representative of the Australian Taxation Office; Eric Ferron ("Ferron"), a representative of the Canada Revenue Agency; Niels Obbink ("Obbink"), a representative of the Fiscale Inlichtingen-en Opsporingdienst of the Netherlands; and Simon York ("York"), a representative of His Majesty's Revenue and Customs (collectively, the "Foreign Defendants").  Plaintiff brings claims against them under § 1985(3) ("§ 1985"), and for tortious interference with business relations and defamation under Puerto Rico law.[2]

Before the Court there are Motions to Dismiss by each of the Foreign Defendants (Docket Nos. 129, 139, 159 and 166) in which they contend the dismissal of all claims against them is proper under Fed.R.Civ.P. 12(b)1 for lack of subject matter jurisdiction, under Rule 12(b)(5) for improper service.  Additionally, Ferron, Day and Obbink (the

---

[2] Plaintiff also brings an independent claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the "Bivens claim"), and a claim for violation of his due process rights and unlawful seizure of property under the Fifth Amendment in the alternative to his Bivens claim. He alleges that this alternative claim is brought against "All Defendants".  However, none of these causes of action can be brought against non-government officials.  See Hernández-Cuevas v. Taylor, 836 F.3d 116, 119, n. 1 (1st Cir. 2016) (A Bivens action is a civil action brought against agents of the United States); Gerena v. P.R. Legal Serv. Inc., 697 F.2d 447, 449 (1st Cir. 1983) (the Fifth Amendment applies only to claims asserted against the federal government, not against private individuals, or states).

Case 3:24-cv-01511-CVR    Document 274    Filed 03/12/26    Page 3 of 13

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 3
_____

"Movants") argue dismissal is proper against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposed all motions (Docket Nos. 138, 145, 179, and 180) and the Foreign Defendants and Movants replied. (Docket Nos. 148, 187, 203, 204).

The undersigned had previously referred this case to Magistrate Judge Marcos E. López ("Magistrate Judge López") for full pre-trial management, including ruling on non-dispositive motions and issuing reports and recommendations for dispositive motions. (Docket No. 66).

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement….' Specific facts are not necessary."). To show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555.

When evaluating a claim under Rule 12, the Court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his

entitlement [with] more than labels and conclusions"; see also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 557 (2009). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Thus, a plaintiff is required to present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570.

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id.

Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022). The Court, however, need not "consider frivolous, conclusive, or general objections." Local Rule 72(d); Fed.R.Civ.P. 72(b)(2); Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the magistrate judge, a *de novo* review is unwarranted, and the Court will review those portions of the R&R for clear error. Id. The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C).

## ANALYSIS

**A. The R&R.**

Magistrate Judge López found all Motions to Dismiss shared common issues and addressed them jointly in his Report and Recommendation ("R&R") in which he recommended the claims against the Foreign Defendants be dismissed. (Docket No. 250). Specifically, Magistrate Judge López first found that the Amended Complaint did not allege any facts plausibly suggesting that the Foreign Defendants engaged in conduct outside of their official responsibilities. The Magistrate Judge rejected Plaintiff's claims that the actors were personally liable and opined that the fact that the actions complained of were wrongful did not make them *ultra vires* or taken in an individual capacity. Therefore, he found the actions were undertaken in each officer's official capacity and they should be treated as the actions of the foreign state itself. For this reason, Magistrate Judge López concluded the foreign sovereigns, and not the individual persons, were the real parties in interest and the claims barred by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq*. He further held the commercial activity and the non-commercial tort exceptions to the FSIA, which allow suits against foreign officials in limited cases, were inapplicable to this case. In the alternative, if not barred under FSIA, the claims would still be barred by foreign sovereign immunity under common law. For these reasons, Magistrate Judge López concluded that the Court lacked jurisdiction to hear Plaintiff's claims against the Foreign Defendants.

As to the merits, Magistrate Judge López additionally found that the Amended Complaint lacked a plausible entitlement to relief against the Movants because the Amended Complaint only contained conclusory allegations of conspiracy for the § 1985 cause of action which were insufficient to withstand a motion to dismiss. Specifically, that it failed to state the nature of the conspiracy between the parties, including how the conspiracy was hatched and furthered, and that there were no facts showing the conspiracy was motivated by class-based discriminatory animus, an essential element for this claim to survive. Regarding the tortious interference claim, he found Plaintiff failed to establish the existence of a contract and even if he had, there were no facts showing the Movants acted intentionally to interfere with said contractual relationship, also necessary elements of such a claim. Finally, because none of the allegedly defamatory statements were attributed to the Movants, he found the defamation claim against them to be misplaced.[3]

**B. Plaintiff's Objections to the R&R.**

Plaintiff timely objected to Magistrate Judge López' R&R. (Docket No. 256). Defendants Ferron, Day and Obbink jointly replied to Plaintiff's Objections. (Docket No. 265). Defendant York individually replied to Plaintiff's Objections. (Docket No. 270).

At the outset, the Court must mention that Plaintiff's Objections begin with a section titled "Key facts and dates (as pleaded and docketed)", and goes on to discuss numerous facts, dates and documents that were not even mentioned in the Amended Complaint. Plaintiff also attached 202 pages of documents to the Objections to salvage

---

[3] The Magistrate Judge also stated that, since he recommended dismissal of all claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) arguments, he did not address the additional reason for dismissal, that service of process was improper under Federal Rule of Civil Procedure 12(b)(5).

the meager allegations of the Amended Complaint. Plaintiff was already granted two opportunities to amend his Complaint accordingly to include this allegedly new information in his pleadings and failed to take advantage of those opportunities. See U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (affirming the lower court's decision that leave to amend was not warranted when the party had multiple opportunities to cure pleading deficiencies); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008)( "plaintiffs do not get leisurely repeated bites at the apple"); Badillo-Santiago v. Naviera-Merly, 378 F.3d 1, 7-8 (1st Cir. 2004) (affirming denial of leave to amend after fourteen months elapsed from filing of the complaint to plaintiff's request to amend).

The Court's job at this stage is to determine whether, accepting as true all well pleaded facts in the Amended Complaint, Plaintiff has provided "a short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2) and whether such relief is plausible on those allegations. Consideration of documents outside the pleadings is allowed in limited circumstances, which are not present here. See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001) (noting that, while the Court ordinarily may not consider documents beyond the Complaint in ruling on a motion to dismiss brought under Fed.R.Civ.P. 12, there are exceptions, including documents over which there is no dispute as to authenticity, official public records and documents specifically referenced in the complaint.). Thus, to the extent that these documents are being brought now in a tardy attempt to save the scant allegations Plaintiff himself supplied in the now-twice Amended Complaint, the Court will not consider them. They were not presented to the Magistrate

Case 3:24-cv-01511-CVR   Document 274   Filed 03/12/26   Page 8 of 13

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 8
_____

Judge either, constituting a separate reason to reject them now. See Quirós v. Muñoz, Civil No. 08-1074 (JAG), 2009 WL 10717764, at *4 (D.P.R. Nov. 25, 2009); Borden v. Secretary of Health & Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987).

The Court now examines Plaintiff's objections *de novo* and finds them to be meritless.

Plaintiff's first objection is that the R&R misapplied FSIA to determine that the real parties in interest were the sovereigns and not the individual Defendants and requests the Court to permit limited jurisdictional discovery. However, Plaintiff fails to rebut Magistrate Judge López' thorough analysis of why he determined the officials were acting in official and not personal capacity and the multitude of cases cited by him that supported this finding.[4] In fact, Plaintiff's Objection contains not a single citation to caselaw, making it automatically non-compliant with Local Rule 7(a). ("Unless otherwise allowed by the Court, all matters to be submitted for consideration by the court shall be presented by written motion filed with the clerk incorporating a memorandum of law as appropriate, including citations and supporting authorities").

As to the request for jurisdictional discovery, the same is rejected as untimely and waived. See Bramson v. Winn, 136 F. App'x 380, 382 (1st Cir. 2005) ("We deem this argument waived, as it was raised for the first time in Bramson's objections to the magistrate's report and recommendation"); Maine Green Party v. Maine, Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999).

---

[4] Magistrate Judge López also separately found the Foreign Defendants were also immune under common law sovereign immunity, so this argument is a non-starter.

The second objection is that the discretionary function exception analysis to FSIA was overbroad and not act-specific, and that foreign sovereign immunity under common law was misapplied. Actions taken by foreign governments are considered sovereign acts and are protected from the exercise of jurisdiction of federal courts unless one of the exceptions to immunity applies. One of these, the discretionary function exception, shields officers from liability for tort claims based on an employee's exercise of judgment or choice provided that the decision is based on social, economic, or political policy. Thus, to find the officer liable, the officer must act pursuant to an "applicable statute, regulation, or policy bearing the requisite degree of specificity", not based on choice or have discretion. Muñiz-Rivera v. United States, 326 F.3d 8, 16 (1st Cir. 2003). Plaintiff failed to show this.

On the contrary, after a comprehensive discussion, Magistrate Judge López specifically found that Foreign Defendants acted by choice, not by obligation. There is nothing overboard about this conclusion. Plaintiff's additional assertion that the Foreign Defendants incurred in misconduct and allegedly acted "outside their legitimate functions" does not change this conclusion, as the officer is protected even if he/she abused that discretion or was negligent, if the action involved discretion. Therefore, Magistrate Judge López correctly concluded that exceptions to the FSIA do not apply to the Foreign Defendants' alleged tortious conduct and the FSIA bars all three causes of action against them.

Regarding the common law sovereign immunity, it protects for official acts performed within the scope of an officer's duty, but not for private acts where the officer purports to act as an individual and not as an official. As noted by Magistrate Judge

Case 3:24-cv-01511-CVR    Document 274    Filed 03/12/26    Page 10 of 13

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 10
_____

López, "the Plaintiff has not pled any actions on the part of the Foreign Defendants that were taken in their individual capacity. Their actions, while tortious as pled, are still official acts taken within the scope of that duty". (Docket No. 250, p. 14). Thus, Magistrate Judge López correctly decided that the Foreign Defendants were also protected under common law sovereign immunity, and Plaintiff's objections offer no justification to alter his recommendation.

The third objection is that the R&R applies an unduly demanding pleading standard as to the § 1985 claim and attempts to rely on the same documents and pleadings not in evidence to sustain this argument. Pleading a conspiracy under § 1985 requires facts alluding to: (1) a conspiracy; (2) a conspiratorial purpose to deprive a class of persons of equal protection of the laws; (3) an overt act in furtherance thereof and; (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege. Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech., 158 F.4th 1, 24 (1st Cir. 2025); Rolón v. Rafael Rosario & Assocs., 450 F.Supp.2d 153, 159 (D.P.R. 2006). But Plaintiff simply failed to include any allegations as to almost all these elements, so this cause of action cannot prosper. See, *e.g.*, Iqbal, 556 U.S. at 678 (threadbare recitals of the elements supported by conclusory statements are insufficient).[5]

---

[5] Although not mentioned by Magistrate Judge López, this provision is also seemingly inapplicable to the Movants, as it applies "If two or more persons in *any State or Territory*" who conspire. 42 U.S.C.A. § 1985 (West); Sturdza v. U.A.E., 281 F.3d 1287 (D.C. Cir. 2002) (foreign government not a person under § 1985); Ohno v. Yasuma, 723 F.3d 984, 995 (9th Cir. 2013) (explaining foreign governments are not bound by the U.S. Constitutions); see also Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1515 (9th Cir. 1987) (finding that action of the Mexican government cannot be considered arising "under state law"); Tabaka v. Leyre, No. 220CV06600 (BRMJAD), 2021 WL 5506910, at *2 (D.N.J. Nov. 24, 2021) (holding Plaintiff's § 1983 claims do not apply to foreign government officials or foreign entities). As candidly argued by Defendants Ferron and Day in their respective motions, § 1983 and § 1985 have been interpreted consistently with each other and §1983 does not apply to foreign governments. (Docket No. 129, p. 15; Docket No. 159, p. 14).

Case 3:24-cv-01511-CVR    Document 274    Filed 03/12/26    Page 11 of 13

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 11
_____

Plaintiff's fourth objection is that the R&R misreads Puerto Rico law as to the tortious interference claim. He argues that at this stage he need only to "plausibly" allege a contract or legally protected business relationship. But Puerto Rico law *requires* a contract and does not apply when there is simply a profitable financial relationship. Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc., 780 F.2d 1077, 1081 (1st Cir. 1986); Dolphin Int'l, Inc. v. Ryder Truck Lines, Inc., 127 D.P.R. 869, 883 (1991).[6] As Magistrate Judge López correctly noted, the Complaint merely discussed a "$17.5 million sale to Qenta" that was allegedly blocked, and the allegations failed to identify any other contractual terms or obligations binding the parties, that defendants knew of this relationship or intentionally acted to interfere with it. This claim cannot move forward if these allegations are lacking.

The last objection is that Magistrate Judge López imposed an unduly demanding standard for the defamation cause of action and ignored that Plaintiff pleaded "defamation by implication." Magistrate Judge López determined the Amended Complaint did not successfully allege any false statements, libel or slander made by the Foreign Defendants because all the allegedly defamatory statements were specifically attributed to other parties, i.e. the Media Defendants and IRS agent Jim Lee. If the Movants neither said nor wrote anything, no defamation claim may lie. Additionally, as far as the Court can tell, there is no "defamation by implication" under Puerto Rico law. Plaintiff cites to no caselaw in support of this proposition and fails to explain how it even applies to his factual scenario. Even giving Plaintiff, the widest berth possible, the

---

[6] The Supreme Court in Dolphin additionally held that in addition to the existence of a contract, it had to be for a specific or finite period/term. Id. No such allegations have been made in this case.

Amended Complaint simply lacks enough facts to meet even this initial and basic pleading standard.

In sum, upon an independent review of the record and consideration of the analysis contained in Magistrate Judge López' R&R and after conducting its own research and *de novo* analysis of the issues presented for the Court's consideration, the Court adopts in full the Magistrate Judge's findings and legal conclusions that the requests to dismiss filed by the Foreign Defendants should be granted and the causes of action against them dismissed.[7]

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 250) is ADOPTED in its entirety. As such, the Motions to Dismiss filed by the Foreign Defendants (Docket Nos. 129, 139, 159 and 166) are GRANTED. All claims against Will Day, representative of the Australian Taxation Office; Eric Ferron, representative of the Canada Revenue Agency; Niels Obbink, representative of the Fiscale Inlichtingen-en Opsporingdienst of the Netherlands; and Simon York, representative of His Majesty's Revenue and Customs, in their official and personal capacities, are DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

IT IS SO ORDERED.

---

[7] The Court, like the Magistrate Judge, does not reach the arguments made by all Foreign Defendants under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process, but notes that service appears to have been improper for all of them under both the Hague Convention as well as under the laws of their respective countries. This would be an additional reason to dismiss the case against all of them. See *e.g.,* Herndon v. Ridgway, 58 U.S. 424, 425 (1854) (proper service of process is a prerequisite for litigating in federal court, and in its absence, a court lacks personal jurisdiction over the defendant unless the defendant has waived service or otherwise consented to personal jurisdiction).

Case 3:24-cv-01511-CVR   Document 274   Filed 03/12/26   Page 13 of 13

Peter David Schiff v. Internal Revenue Service, et al.
Opinion and Order
Civil 24-1511 (CVR)
Page 13
_____

In San Juan, Puerto Rico, on this 12th day of March 2026.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES DISTRICT JUDGE