IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER DAVID SCHIFF,

    Plaintiff,

    vs.

INTERNAL REVENUE SERVICE (IRS), *et al.*,

    Defendants.

Case No. 24-cv-01511 (CVR)

### ERIC FERRON, WILLIAM DAY, AND NIELS OBBINK'S JOINT OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND TO VACATE OR MODIFY OTHER DECISIONS

COME NOW Defendants Eric Ferron ("Mr. Ferron") and the Commonwealth of Canada ("Canada") as the real party in interest, William Day ("Mr. Day") and the Commonwealth of Australia ("Australia") as the real party in interest, and Mr. Niels Obbink ("Mr. Obbink") and the Kingdom of the Netherlands ("the Netherlands") as the real party in interest (Canada, Australia, and the Netherlands collectively as the "Foreign Sovereigns"), and <u>without submitting to the jurisdiction and venue of the Court nor waiving any defenses</u>, respectfully submit this Joint Opposition to Plaintiff's Motion to Alter or Amend Judgment and to Vacate or Modify Docket Nos. 271-76 (ECF No. 277, hereinafter "Motion to Alter").

### I.   PRELIMINARY STATEMENT

The Motion to Alter is deficient on its face with respect to the Foreign Sovereigns. The granting of such a motion is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citing 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (2d ed. 1995)). The Motion to Alter does not present any newly discovered evidence or relevant legal authority that would justify such a remedy as to the Foreign Sovereigns, whose dismissal with prejudice is well founded based on federal law and the facts of this case.

Plaintiff's Motion to Alter asserts that dismissal on sovereign immunity grounds should have been entered without prejudice, but Plaintiff cites no controlling or relevant case law for that proposition.  Indeed, federal courts routinely enter and affirm dismissals with prejudice on sovereign immunity grounds.  In any event, dismissal with prejudice was also appropriate here because the Court further dismissed the claims as against the Foreign Sovereigns under Fed. R. Civ. P. 12(b)(6).

With respect to Plaintiff's proposed third amended complaint, Plaintiff's Motion to Alter claims that such an amendment is justified based on newly discovered evidence.  But the only purported evidence that Plaintiff cites is a decision from another federal court related to Freedom of Information Act ("FOIA") materials sought by Plaintiff (ECF No. 277-1, the "FOIA Decision")—a decision that is not evidence at all because it says nothing regarding the Foreign Sovereigns' conduct.  Moreover, courts considering a Rule 59(e) motion will not consider newly discovered evidence absent a showing on the movant's part that such evidence could not have been discovered sooner through the exercise of reasonable diligence.  Plaintiff does not attempt to make this showing and could not do so based on his delay in seeking FOIA materials related to the Foreign Sovereigns.  Accordingly, Plaintiff's Motion to Alter should be summarily denied as to the Foreign Sovereigns.

## II.  ARGUMENT

Denial of a motion made pursuant to Rule 59(e) is appropriate where the moving party "failed to point to a manifest error of law or newly discovered evidence . . . ." *Ing v. Tufts Univ.*, 81 F.4th 77, 86 (1st Cir. 2023).  "[T]he mere repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." *Id.* (internal quotation marks omitted).

**A. Plaintiff has not shown and cannot show that dismissing his claims against the Foreign Sovereigns with prejudice was a manifest error of law.**

Dismissal of the claims against the Foreign Sovereigns with prejudice was not an error of law, much less a manifest error. "While courts ordinarily dismiss for lack of subject-matter jurisdiction without prejudice, dismissal with prejudice is appropriate where sovereign immunity applies and no other court has the power to hear the case." *Sookra v. Pfizer, Inc.*, No. 24-cv-1249-TSC-ZMF, 2025 U.S. Dist. LEXIS 19054, at \*10 (D.D.C. Jan. 30, 2025) (internal quotation marks omitted) (adopted by *Sookra v. Pfizer, Inc.*, No. 24-cv-1249, 2025 U.S. Dist. LEXIS 103609 (D.D.C. Mar. 26, 2025)). Consistent with this, courts in the First Circuit routinely dismiss cases with prejudice on sovereign immunity grounds. *See, e.g., Baez v. Connelly*, 478 Fed. App'x 674, 675 (1st Cir. 2012) (affirming dismissal with prejudice of claims brought against certain defendants who were sued in their official capacities and thus had sovereign immunity); *Aguasviva v. Iberia Lineas Aereas de Espana*, 937 F. Supp. 141, 144 (D.P.R. 1996) (dismissing plaintiff's negligence claim with prejudice as barred under the FSIA when the commercial activity exception was inapplicable).

The sole case on which Plaintiff relies for his assertion that dismissal should have been without prejudice does not involve sovereign immunity and is inapposite. *See* Motion to Alter at 22 (citing *Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 13-14 (1st Cir. 2003)). *Lebron-Rios* addressed the propriety of a dismissal for failure to exhaust administrative remedies; it held that dismissal should be without prejudice because the failure to exhaust administrative remedies could be cured, allowing the plaintiff to bring "future, exhausted claims." *Lebron-Rios.*, 341 F.3d at 15. The case does not discuss sovereign immunity, and unlike exhaustion, sovereign immunity is not a curable defect.

Plaintiff's reference to Fed. R. Civ. P. 41(b) is also unavailing. By its own terms, that provision merely establishes a presumption regarding situations where a court does not specify

whether a dismissal is on the merits.  Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").  Here, the dismissal order states the dismissal is with prejudice (*see* Opinion and Order (ECF No. 274, hereinafter "Foreign Sovereigns Opinion") at 12); therefore, Rule 41 does not come into play.

Regardless, dismissal with prejudice was warranted here because the Court concluded that, even if it had jurisdiction over the Foreign Sovereigns, all of Plaintiff's claims were subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Foreign Sovereigns Opinion at 10-12; *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) ("It is well settled in this circuit that dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a final decision on the merits."), abrogated on other grounds by *Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662 (2008).  Plaintiff's Motion to Alter does not contest that dismissal of his operative complaint pursuant to Rule 12(b)(6) was appropriate as to the Foreign Sovereigns.  *See generally* Motion to Alter.[1]  Having failed to contest an independent ground for dismissal with prejudice, Plaintiff has forfeited the argument that the dismissal of his claims should have been only without prejudice.  *See Berg v. Kingdom of the Neth.*, 24 F.4th 987, 998 n.9 (4th Cir. 2022) (court did not reach jurisdictional issues on appeal because Plaintiff failed to appeal an independent ground for dismissal).  Dismissal with prejudice was therefore appropriate.[2]

---

[1] Nor can Plaintiff do so because, as discussed below (*see infra* at 7), the Court did not commit an error of law, much less a manifest error, in dismissing the complaint with prejudice as to the Foreign Sovereigns under Rule 12(b)(6).

[2] Plaintiff also seeks to modify the Foreign Sovereigns Opinion so that any dismissal of the Foreign Sovereigns based on service of process is made without prejudice.  *See* Motion to Alter at 21-22.  This is inexplicable, as the Court explicitly stated that it was not deciding service of process issues with respect to the Foreign Sovereigns.  *See* Foreign Sovereigns Opinion at 12, n.7.

**B. Plaintiff has not demonstrated or even attempted to demonstrate that newly discovered evidence justifies permitting a third amended complaint against the Foreign Sovereigns.**

Plaintiff contends that newly discovered evidence in the form of the FOIA Decision, or perhaps anticipated newly discovered evidence that he believes will be produced following the FOIA Decision, justifies granting his Rule 59(e) motion and permitting a third amended complaint. Putting aside that the FOIA Decision is not "newly discovered evidence" regarding the Foreign Sovereigns, "[a] party asking a court to reconsider its judgment on th[e] basis [of newly discovered evidence] must show 'that [it] could not in the exercise of reasonable diligence have obtained [the] new evidence earlier.'" *City of Mia. Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022) (quoting *In re Biogen Inc. Sec. Litig.*, 857 F.3d 34, 46 (1st Cir. 2017)).

Plaintiff does not attempt to and cannot make such a showing with respect to the Foreign Sovereigns. The FOIA Decision, which Plaintiff attaches to his motion, explains that Plaintiff "filed his first FOIA request in the fall of 2023" (FOIA Decision" at 2) and did not make any FOIA request related to the Foreign Sovereigns until June of 2024. *See id*. at 2-3. That is, despite knowing that "[o]n June 30, 2022, a press conference in Puerto Rico with IRS, J5, and OCIF representatives announced the investigation and closure of the bank, falsely implying illegal activity" (ECF No. 121, at 3, ¶ 2), Plaintiff waited more than half a year after he submitted his first FOIA request (FOIA Decision at 2) and approximately two years after the events of which Plaintiff complains in his operative complaint to seek any FOIA materials pertaining to the Foreign Sovereigns. *See* Foreign Sovereigns Opinion at 1; *see also* Amended Complaint, ECF No. 121 at 3, ¶¶ 2-3.[3]

---

[3] Plaintiff filed his first Complaint with this Court in November of 2024. *See* Complaint, ECF No. 1.

5

Even if Plaintiff could show diligence, the only new evidence to which the Motion to Alter points is the FOIA Decision itself. But that document does not contain any evidence that, if included in Plaintiff's complaint, would enable Plaintiff to state a claim for relief against the Foreign Sovereigns, much less undermine the Foreign Sovereigns' immunity from suit. Nor could any FOIA materials eventually produced as a result of the FOIA Decision alter the Rule 12(b)(6) ruling as to the Foreign Sovereigns. *See infra* at 7. Plaintiff's Motion to Alter should therefore be denied. *See In re Biogen Inc. Sec. Litig.*, 857 F.3d at 45 (district court correctly denied motion for reconsideration to permit filing an amended complaint because movant had "not shown either that the purportedly new evidence would have made a difference to the district court's decision whether to grant the motion to dismiss or that the [movant] could not have gotten the evidence earlier.").

To the extent Plaintiff's Motion to Alter can be read to assert that the Court's failure to permit additional amendments to his complaint was a manifest error of law, that assertion is unfounded. *See Palmer v. Champion Mortg.*, 465 F.3d at 30-31 ("a request to amend—especially a belated request—requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations."). Plaintiff has already amended his complaint twice; he is not entitled to continue to engage in endless extrajudicial discovery to support even more attempts to state a cause of action. *3137, LLC v. Town of Harwich*, 126 F.4th 1, 16-17 (1st Cir. 2025) (denial of motion to amend complaint a second time was appropriate where plaintiffs claimed they needed discovery to bolster their allegations but failed to identify additional facts they would add to their complaint); *Artuso v. Vertex Pharms., Inc.*, 637 F.3d 1, 8 (1st Cir. 2011) ("a plaintiff whose complaint does not state an actionable claim has no license to embark on a fishing expedition in an effort to discover a cause of action"). Nor has Plaintiff pointed to any authority demonstrating any error of law; instead, he relies on vague statements about unfairness and injustice, without any law to back up these

assertions.  *See* Motion to Alter at 15-17.

Any further amendment to the twice-amended complaint would also be futile as to the Foreign Sovereigns.  Plaintiff has not pointed to any new allegations in his proposed third amended complaints (ECF Nos. 169-1 and 229-1) that would change the Court's previous rulings that the Foreign Sovereigns are entitled to immunity under the FSIA or the common law (Foreign Sovereigns Opinion at 8-10).  *See Gosain v. State Bank of India*, 414 F. App'x 311, 315 (2d Cir. 2011) (denial of leave to amend was proper because the "amended complaint d[id] not cure the original complaint's jurisdictional defects, nor d[id] it add any new timely or valid claims. Thus, amendment would be futile").

Beyond the lack of any allegations in the proposed third amended complaints (or in fact any evidence in the voluminous materials filed by Plaintiff in this matter) that would change the conclusion that the FSIA bars Plaintiff's actions as to the Foreign Sovereigns, there are alternative grounds for finding that further amendment would be futile.  As the Court noted in its Opinion and Order dismissing the case with prejudice as to the Foreign Sovereigns, Plaintiffs have failed to properly serve any of the Foreign Sovereigns (*see* Foreign Sovereigns Opinion at 12, n.7).  In fact, Plaintiff has failed to attempt proper service in the 17 months since his case was filed. *See Republic of Sudan v. Harrison*, 587 U.S. 1, 4-5, 19 (2019) (actual notice and substantial compliance with the FSIA's service provisions are not sufficient; strict compliance is required).  Moreover, Plaintiff cannot fix the other deficiencies with his complaint, including that Section 1985 does not apply to foreign governments (*see* Foreign Sovereigns Opinion at 10, n.5), none of the alleged defamatory statements are or could be attributed to the Foreign Sovereigns (*see* id. at 11), "there is no 'defamation by implication' under Puerto Rico law" (*see* id.), and there is no contract with which the Foreign Sovereigns are alleged to have interfered (*see* id.).

Accordingly, Plaintiff's Motion to Alter as against the Foreign Sovereigns should be

denied.

WHEREFORE, it is respectfully requested that the Court deny the Motion to Alter.

WE HEREBY CERTIFY that today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will electronically notify all attorneys of record.

In San Juan, Puerto Rico, today April 14, 2026.

BAKER & MILLER PLLC

*s/ W. Todd Miller*
W. Todd Miller (admitted *pro hac vice*)
1325 Pennsylvania Ave., N.W.,
Suite 700
Washington, D.C. 20004
Telephone:    (202) 663-7822
Facsimile:    (202) 663-7849
tmiller@bakerandmiller.com

REICHARD & ESCALERA, LLC
Rafael Escalera Rodríguez
(USDC PR 122609)
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913
Telephone:    (787) 777-8877
Facsimile:    (787) 765-4225
escalera@reichardescalera.com

*Counsel for Defendant Mr. Niels Obbink
and for the Government of the Kingdom of
the Netherlands as the real party in
interest, and for Defendant William Day
and the Commonwealth of Australia as the
real party in interest*

*s/Leslie Y. Flores-Rodriguez*
Leslie Y. Flores-Rodriguez
USDC-PR No. 223601
lfr@mcvpr.com

*s/Victoria M. Rivera Lloréns*
Victoria M. Rivera Lloréns
USDC-PR No. 307808
vrll@mcvpr.com

MCCONNELL VALDÉS LLC
P.O. Box 364225
San Juan, PR  00936-4225
270 Muñoz Rivera Ave., 9th Floor
San Juan, PR  00918
Tel.: (787) 250-5628
Fax: (787) 759-8282

*Attorneys for Eric Ferron and for the
Government of the Commonwealth of
Canada as the real party in interest*

8