**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| PETER DAVID SCHIFF, | ) | |
| | ) | Case No. 3:24-cv-01511 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO RULE 59(E) MOTION TO
ALTER OR AMEND JUDGMENT AND TO VACATE OR MODIFY
DOCKET NOS. 271, 272, 273, 274, 275, AND 276**

The United States of America,[1] the proper party in interest, submits this response

in opposition to Plaintiff's Motion to Alter or Amend Judgment. (Dkt No. 277.) On

March 12, 2026, the Court entered judgment against Plaintiff Peter Schiff and in favor of

all defendants, including the United States. (Dkt Nos. 271, 276.)

---

[1] The United States, the real party in interest, appears in place of the Internal Revenue Service, Jim Lee, Justin Cole, Matt Line, Mike Batdorf in their official capacity, unnamed IRS agents, and the Internal Revenue Service, Criminal Investigation, who were improperly named as Defendants. *See* 28 U.S.C. § 2679(a); *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)) (federal employees are accorded "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."); *see also United States v. Smith*, 499 U.S. 160, 163 (1991) ("an FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment."). Plaintiff also sued Jim Lee, Justin Cole, Matt Line, and Mike Batdorf in their personal capacity but never personally served the defendants.

As to the United States, the Court adopted the Magistrate Judge's conclusions in the Report and Recommendation and held that the United States was the only proper party defendant (as to all claims except for the *Bivens* claim) and that the claims asserted against the United States were barred because there was no waiver of sovereign immunity. (Dkt No. 271, p. 6.) The Court also held that the FTCA claims were barred because Plaintiff had failed to exhaust his administrative remedies and Plaintiff's defamation and tortious interference claims were barred by the FTCA. *Id.*

On April 1, 2026, Plaintiff moved this Court under Fed. R. Civ. P. 59(e) to alter and amend its judgment. (Dkt. No. 277.) Because Schiff is not entitled to a "second bite of the apple," his motion should be denied. *In re Vazquez,* 471 B.R. 752, 761 (BAP 1st Cir. 2012) (upholding denial of motion for reconsideration and adding "the bankruptcy court correctly applied the foregoing First Circuit precedent against a second bite of the apple").

Under Fed. R. Civ. P. 59(e), a party may move the Court to alter or amend its judgment. This is an extraordinary remedy which is granted sparingly and only when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007).

No such circumstances are present here. Schiff has not presented new evidence nor cited any intervening change in the controlling law which would merit reconsidering the dismissal of all claims against the United States (the IRS and the

federal employees sued in their official capacity). Instead, Plaintiff refers to a ruling in a Freedom of Information Act ("FOIA") case pending in the U.S. District Court for the District of Columbia to support his motion for reconsideration. *See Schiff v. Internal Revenue Service,* Case No. 1:24-cv-2230, Memorandum Opinion (D.C.D. March 25, 2026). The Opinion, which directs the IRS to produce certain documents pursuant to Schiff's FOIA requests, has no bearing on the present case or the claims brought against the United States.  *Id.*

No document produced by the IRS in the FOIA case will alter the Court's ruling here that Plaintiff's claims (except for the *Bivens* claims) are really against the United States and barred because there has been no waiver of sovereign immunity. (Dkt No. 271, p. 6.) Further, no document will rehabilitate Plaintiff's defamation and tortious interference claims against the United States (as those claims are barred by the FTCA) and Plaintiff's FTCA claims against the United States (as Plaintiff failed to exhaust his administrative remedies). *Id.*

Plaintiff, tasked with "setting forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision," has failed to meet his burden. *In re Schwartz*, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008). No new evidence has been discovered and, as stated above, no document that Plaintiff may receive in his FOIA case could alter the Court's ruling. Nor has there been any change to the controlling law. The Court did not err in dismissing Schiff's claims against the United States. Schiff's motion to alter to amend the judgment in favor of the United States must be denied. *See Palmer*

*v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("A [Rule 59(e)] motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.")

Date: May 6, 2026,

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Beatriz T. Saiz*
BEATRIZ T. SAIZ
USDC-PR Bar # G00302
Trial Attorney
Tax Litigation Branch, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Telephone (202) 307-6585
Beatriz.T.Saiz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to all registered to receive it.

/s/ *Beatriz T. Saiz*
Beatriz T. Saiz
Trial Attorney
Tax Litigation Branch,
Civil Division
U.S. Department of Justice